ERIC ANTHONY HODGE v. GLENN I. HODGE AND IDA M. HODGE

No. 7010DC512

(Filed 21 October 1970)

Courts § 11.1— transfer of action from superior court to district court —
requisite of transfer

> Where an action was instituted in the superior court prior to
> the establishment of the district court in the county and where no order
> was ever entered transferring the action from the superior court to
> the district court, the district court judge was without jurisdiction
> to enter an order in the action. G.S. 7A-258; G.S. 7A-259.

APPEAL by defendant Glenn I. Hodge from *Preston, District
Court Judge,* 31 March 1970 Session of WAKE County District
Court.

On 25 October 1968 the plaintiff recovered judgment
against Glenn I. Hodge for $3,184.00 plus interest and cost, in
the Superior Court of Wake County. Execution was returned
unsatisfied. Thereafter the Clerk of Superior Court of Wake
County, upon application of plaintiff, issued an order requiring
both defendants to appear before a referee and answer concern-
ing property which the defendants might have. On 11 February
1970 plaintiff filed a motion for the appointment of a receiver
for defendant. The motion was filed in the office of the Clerk
of Superior Court of Wake County, the caption containing the
recital "IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT
DIVISION." On 8 April 1970 District Court Judge Edwin S.
Preston signed an order which, among other things, appointed a
receiver for the defendant. From the order of Judge Preston,
defendant appealed.

*Yarborough, Blanchard, Tucker and Denson by Alexander
B. Denson for plaintiff appellee.*

*William T. McCuiston for defendant appellant.*

VAUGHN, Judge.

Defendant brings forward several assignments of error
and arguments in support thereof. We need discuss only one.

This action was instituted in the superior court prior to the
establishment of district courts in Wake County. Although G.S.
7A-259 provides that, upon establishment of a district court in a
district, any superior court judge authorized to hear motions,

may on his own motion transfer cases pending in the superior court to the district court, no such transfer has been made in this case. Neither plaintiff nor defendant has moved to transfer under the provisions of 7A-258. Absent an order transferring this cause from the superior court division, the district court judge was without authority to hear the motion for the appointment of a receiver. The order appealed from is hereby vacated and the cause is remanded to the Superior Court of Wake County.

Vacated and remanded.

Judges CAMPBELL and BRITT concur.