IN THE MATTER OF THE CUSTODY OF CYNTHIA DIANE HOPPER, A MINOR CHILD, AND EUGENE THOMAS HOPPER, JR., A MINOR CHILD
— AND —
EUGENE THOMAS HOPPER v. JEANETTE LOMINICK HOPPER MORGAN

No. 7126SC477 and No. 7126SC476

(Filed 14 July 1971)

1. **Courts § 14; Divorce and Alimony § 22— refusal to transfer case from superior to district court**

   No abuse of discretion or prejudice has been shown in the refusal of the superior court judge to transfer to the district court a *habeas corpus* proceeding to determine the custody of minor children instituted and pending in the superior court prior to the establishment of district courts in the county. G.S. 7A-260.

2. **Divorce and Alimony § 22— custody proceeding — requirement that father pay attorney fees of mother**

   The trial court did not err in requiring the father to pay reasonable attorney fees of the mother in this *habeas corpus* proceeding to determine custody of minor children, where custody of the children had been awarded to the mother by both North Carolina and South Carolina courts, the father's failure to return the children to the mother in South Carolina after a visit in this State forced the mother to come to this State to secure their return, and the father was not providing support for the children as he had been ordered.

3. **Divorce and Alimony § 22— dismissal of child custody action — pendency of another action determining custody**

> *Habeas corpus* action to obtain custody of minor children instituted by the father in the district court and transferred to the superior court was properly dismissed with prejudice by the superior court judge on the ground that there was pending in the superior court a prior action wherein that court has had jurisdiction of the custody of the children since 1967.

APPEAL in both cases by Eugene Thomas Hopper from *Thornburg, Judge*, 15 March 1971 Session of Superior Court held in MECKLENBURG County.

Both cases were consolidated for argument upon motion of Eugene Thomas Hopper (Hopper) and without objection on the part of Jeanette Lominick Hopper Morgan (Morgan).

*Waggoner, Hasty & Kratt by John H. Hasty for Hopper, appellant.*

*Welling & Miller by Charles M. Welling for Morgan, appellee.*

MALLARD, Chief Judge.

CASE No. 7126SC477

On 10 April 1967 Hopper and Morgan were married to each other but living in a state of separation (Morgan remarried after a divorce). Morgan, the mother, sought custody of the two minor children of the parties on a writ of *habeas corpus* in the superior court. On 25 August 1967 custody was awarded to Morgan with Hopper having visitation rights. Morgan, as a resident of South Carolina, sought and obtained on 19 October 1968 an absolute divorce from Hopper who had been served with process and appeared at the trial. The custody of the two minor children was awarded to Morgan by the South Carolina court with Hopper having visitation rights.

On 6 June 1970, by consent of the parties, the two children came to North Carolina to visit with Hopper. The agreement between the parties was that they were to be returned to South Carolina to the custody of Morgan on 23 June 1970. The children were not returned to the mother at that time.

On 30 June 1970 Hopper filed a motion in the *habeas corpus* proceeding in district court asking that the matter of custody

of the children be reviewed and that he be awarded the custody. From an order of the district court awarding Hopper custody of the two children, Morgan appealed to the Court of Appeals. The *habeas corpus* proceeding had not been transferred to the district court. The order of the district court modifying and changing the order of the superior court was vacated by the Court of Appeals in an opinion in 9 N.C. App. 730, 177 S.E. 2d 326 (1970).

On 30 November 1970 Hopper made a motion in superior court in the *habeas corpus* case asking that it be transferred to the district court. In this motion there appears, among other things, the following:

"5. That there is presently pending in the District Court Division Case No. 70 CVD 13886 wherein Eugene T. Hopper is Plaintiff and Jeanette Lominick Hopper Morgan is Defendant wherein the Plaintiff seeks custody of the minor children under the provisions of Section 50-13.1 *et seq.,* of the General Statutes of North Carolina;

6. That it would be in the best interest of all parties and of the minor children herein that whatever remaining jurisdiction the Superior Court might have over the above captioned case be transferred to the District Court Division for hearing and consolidation with the pending District Court case No. 70 CVD 13886."

On 30 November 1970 Morgan filed a motion asking that the cause be retained in superior court, that she be awarded attorney fees, and that the order of Judge Hasty of 25 August 1967 be placed in effect. On 1 December 1970 Hopper filed a motion to dismiss the *habeas corpus* proceeding for lack of jurisdiction, asserting that "the Superior Court of Mecklenburg County under the instant case is without jurisdiction to determine the custody of the minor children or modify said order, and its order of August 25, 1967 has been superseded by further actions taken by the Courts of the State of South Carolina and subsequent pending actions in the District Court of Mecklenburg County, North Carolina, under the provisions of G.S. 50-13.1 *et seq.*"

Hopper filed another motion on 1 December 1970 asking, among other things, that "his original motion removing whatever jurisdiction the Court might have to the District Court

be granted but in lieu thereof should the Court overrule the motion to dismiss for lack of jurisdiction, and to remove this cause to the District Court, that this motion be accepted as a motion in the cause to modify the Court's existing order and to grant custody both temporarily pending the further plenary hearing of this matter and permanently and for cause Eugene T. Hopper asserts that there have been many substantial changes in conditions and circumstances since this Court entered its order on August 25, 1967."

On 3 December 1970 the superior court overruled Hopper's motion to transfer this case to the district court for lack of jurisdiction and entered an order directing that the children be temporarily returned to Morgan and set the matter to be heard in the Superior Court Division.

On 9 December 1970 Morgan, after alleging residence in South Carolina and an order of a South Carolina court awarding custody of the children to her and also a failure of Hopper to make support payments to her for the children as ordered by the courts of North Carolina and South Carolina, moved the court "to dismiss this action for lack of jurisdiction or in the alternative under Section 50-13.5 (c) (5) and (6) that this matter be transferred to the Court of Common Pleas for Newberry County, Newberry, South Carolina, and that the respondent be ordered to pay a reasonable attorney fee and expenses to Charles M. Welling for services rendered on behalf of the children."

During the March 1971 Session of Superior Court held in Mecklenburg County, the court again denied a motion of Hopper to dismiss. After a plenary hearing, upon competent evidence and appropriate findings, the court awarded the permanent custody of the children to Morgan with Hopper having visitation rights and ordering Hopper to pay a sum for the support of each child plus a sum for Morgan's attorney. Hopper appealed, assigning error.

Hopper contends that the superior court did not have jurisdiction in the *habeas corpus* proceeding to determine the custody of the minor children.

[1] This *habeas corpus* action was properly instituted and pending in the Superior Court of Mecklenburg County prior to the time of the establishment of district courts there on the first Monday in December 1968. G.S. 7A-131 (2). All causes

In re Hopper and Hopper v. Morgan

pending in the superior court at the time of the establishment of the district court remained pending in the superior court unless and until transferred to the district court by proper order. G.S. 7A-259. The motion to transfer the matter to the district court was denied. G.S. 7A-260 provides for review of a failure to transfer a cause. However, it is also provided that " * * * if on review, such an order is found erroneous, reversal or remand is not granted unless prejudice is shown * * * ." While we do not decide that the failure to transfer the *habeas corpus* proceeding was erroneous, we do hold that no abuse of discretion or prejudice has been shown by the failure to transfer it. Neither did the judge commit error in denying the motions to dismiss it.

[2] Hopper contends that the trial court did not have authority to require him to pay counsel fees and expenses in this proceeding. By failing to abide by his agreement with Morgan to return the children on 23 June 1970, he forced her to come to North Carolina from her South Carolina home to secure the return of the children who had been awarded her by both the North Carolina and South Carolina courts. In addition, Hopper was not providing support for the children as he had been ordered. In *Teague v. Teague,* 272 N.C. 134, 157 S.E. 2d 649 (1967), the parties had been divorced, and there was a prior action for alimony without divorce pending. The Supreme Court said with respect to an order requiring the husband to pay attorney fees:

> "Plaintiff's application for a modification of Judge Armstrong's order was necessitated by defendant's refusal to consider plaintiff's request for additional support for the children. Having thus forced her to apply to the court to secure for his children the support to which they are entitled, defendant cannot justly complain at being required to assist in the payment of plaintiff's necessary counsel fees."

In the case at bar we hold that it was not error for the trial judge to require Hopper to pay reasonable attorney fees, and we do not think the amount ordered paid was unreasonable.

CASE No. 7126SC476

This action was filed 20 November 1970 by Hopper against Morgan. In it Hopper alleges, among other things, the former

marriage existing between the parties, the birth of the children, the 1967 order of the Superior Court of Mecklenburg County awarding custody of the two children to Morgan, the divorce of the parties in South Carolina, the custody order entered in South Carolina in October 1968, the motion of Hopper filed on 30 June 1970 in the district court seeking to amend the "existing Superior Court Order and for the custody of the children," and the vacating of the order of the district court judge entered in the *habeas corpus* case in 9 N.C. App. 730, 177 S.E. 2d 326 (1970), in which it was held:

> "This proceeding was pending in the Superior Court of Mecklenburg County when district courts were established in that district. There has been neither an order entered in the superior court transferring it to the district court division pursuant to G.S. 7A-259 nor a motion therefor under G.S. 7A-258. The district court judge was, therefore, without authority to modify the order of the superior court. *Hodge v. Hodge,* 9 N.C. App. 601, 176 S.E. 2d 795 (filed 21 October 1970)."

Hopper also alleged that there had been a change of circumstances and requested the court to award the custody of the two children to him.

On 4 December 1970 Morgan filed a motion saying, among other things:

> "WHEREFORE, the defendant moves the Court that this matter be dismissed (1) because the Court has not acquired jurisdiction of the parties nor of the children, or (2) because there is a prior action pending in the Superior Court Division of the General Court of Justice for the 26th Judicial District wherein the Court has acquired jurisdiction over the children since 1967.

> The defendant further moves the Court in the alternative that if this action is not dismissed because of jurisdiction of the Court that it be transferred to the Superior Court Division of the General Court of Justice and consolidated with the prior action pending in the Superior Court Division being captioned In the Matter of the Custody of Cynthia Diane Hopper, a Minor Child, and Eugene Thomas Hopper, Jr., a Minor Child.

WHEREFORE, the defendant in the alternative prays the Court that this matter be transferred from the District Court Division to the Superior Court Division of the General Court of Justice for the 26th Judicial District of the State of North Carolina and consolidated with a prior action pending in said Superior Court Division."

On 19 March 1971 Judge Thornburg issued an order, to which there is no exception in the record (except under the "Statement of Case On Appeal"), directing that this matter be "transferred from the District Court to the Superior Court Division of the General Court of Justice of the 26th Judicial District."

In his brief Hopper has abandoned any objections to the transfer of this matter from the district court to the superior court in the following language:

"No contention is made that the case was improperly transferred to the Superior Court, this being a matter of discretion with the Superior Court Judge and the Appellant is perfectly willing to contest this matter in either forum; however, in view of the Statute (G.S. 7A-244) and the only purpose for transfer being to dismiss the action, it is respectfully submitted that the matter should be reinstated in the District Court."

[3] On 19 March 1971 Judge Thornburg entered an order, to which there is no exception in the record (except under the "Statement of Case on Appeal"), dismissing the action with prejudice "on the grounds that there is a prior action pending in the Superior Court Division of the General Court of Justice for the 26th Judicial District wherein the Court has acquired jurisdiction over the children and has had jurisdiction or the custody of the children since 1967."

We are of the opinion and so hold that under the circumstances of this case, Judge Thornburg properly dismissed the action with prejudice.

The result is: The judgment entered in Case No. 7126SC477 is affirmed. The judgment entered in Case No. 7126SC476 is affirmed.

Affirmed.

Judges CAMPBELL and HEDRICK concur.