### IN RE SANDRA GENINE HERRING, AN INFANT.

(Filed 2 November, 1966.)

**Habeas Corpus § 3—**

Since an order for custody of a minor child is always subject to modification for change of condition, and the Superior Court in the district in which the child resides has jurisdiction to inquire into the matter, the presiding judge or resident judge of the county in which the minor resides has jurisdiction to hear *habeas corpus* proceedings to determine the right to custody, G.S. 17-39.1, notwithstanding prior order of the clerk of the county of the petitioner's residence in an *ex parte* proceeding awarding the custody to petitioner and order of the clerk of the county of the residence of the respondent and the child awarding custody of the child to the respondent.

APPEAL by Petitioner from *Bundy, J.,* in Chambers in WAYNE County, on 27 June, 1966.

The petitioner, Mrs. Bonnie Bell Herring, is the paternal grandmother of Sandra Genine Herring, an infant. The respondent is her maternal grandmother.

On 5 September, 1965, both parents of Sandra Genine Herring were killed as a result of an automobile accident. Sandra Genine Herring, now three years old, has remained almost continuously at the Wayne County home of Mrs. Florence Ferrell, her maternal grandmother, the respondent in this action.

Upon application before the Clerk of Superior Court of Wayne County a hearing for the appointment of a guardian of Sandra Genine Herring was held on 28 October, 1965, and the "tuition and custody of said minor" was committed to Mrs. Ferrell.

Mrs. Herring, who resides in Duplin County, filed a petition before the Clerk of Superior Court of that county for the appointment of a guardian of her little granddaughter. The Clerk awarded custody to her and the respondent, Mrs. Ferrell, gave notice of appeal.

Upon appeal Judge Fountain dismissed the proceedings without prejudice to the petitioner to undertake such other proceedings as they may be advised.

Subsequently the Clerk of Superior Court of Duplin County entered a second order naming the petitioner, Mrs. Herring, as guardian of Sandra Genine Herring, although the child was not in Duplin County.

Later the petitioner obtained a writ of *habeas corpus* in Wayne County to have the custody of Sandra Genine Herring inquired into. The matter came on for hearing on 27 June, 1966, before Judge William J. Bundy, presiding in Wayne County, and the respondent entered a Special Appearance and made a motion to dismiss based on the facts stated above and alleging that the Court had not prop-

erly acquired jurisdiction of the person of the infant. The motion was allowed and the Court entered a judgment dismissing the *habeas corpus* proceeding on the grounds that the Court did not have jurisdiction to hear and determine the matters in controversy.

The petitioner appealed.

*Sasser & Duke, H. E. Phillips for petitioner appellant.*
*George R. Kornegay, Jr., for respondent appellee.*

PLESS, J. In what are, for all practical purposes, two *ex parte* proceedings, the Clerk of the Superior Court of Wayne County awarded the custody of this little girl to Mrs. Ferrell who was a resident of that County, and shortly afterwards the Clerk of the Superior Court of Duplin County in a similar proceeding awarded the custody to his constituent, Mrs. Herring. The child has at all times in question been residing with Mrs. Ferrell in Wayne County and the jurisdiction of the matter is properly laid there.

G.S. 17-39.1 provides that "In addition * * * to other methods authorized by law for determining the custody of minor children, any superior court judge having authority to determine matters in chambers in the district may, in his discretion, issue a writ of *habeas corpus* requiring that the body of any minor child whose custody is in dispute be brought before him or any other qualified judge. Upon the return of said writ the judge may award the charge or custody of the child to such person, organization, agency or institution for such time, under such regulations and restrictions, and with such provisions and directions as will, in the opinion of the judge, best promote the interest and welfare of said child. The cause may be retained for the purpose of varying, modifying or annulling any order for cause at any subsequent time."

Pursuant to this statute, the paternal grandmother, Mrs. Herring, obtained a writ of *habeas corpus* which was made returnable before Judge Bundy. When the matter came on to be heard, the Respondent, Mrs. Ferrell, entered what she called a Special Appearance, in which she denied the jurisdiction of Judge Bundy. His Honor signed an order that "the Court being of the opinion that it does not have jurisdiction to hear and determine the matters in controversy * * * it is ordered, adjudged and decreed that the same be dismissed and the petitioner taxed with the costs."

The record does not disclose that any evidence was heard before Judge Bundy and no facts were found. The statute quoted above was enacted for the purpose of giving Judges of the Superior Courts authority to hear and determine the custody of infants in all cases and without regard to previous proceedings. As said in the recent

case *In Re Marlowe,* 268 N.C. 197, 150 S.E. 2d 204, "the control and custody of minor children cannot be determined finally. Changed conditions will always justify inquiry by the courts in the interest and welfare of the children, and decrees may be entered as often as the facts justify."

Since no judge has determined what will "best promote the interest and welfare of the child" the Petitioner is entitled to a hearing for that purpose. The judge presiding in the Eighth Judicial District and the Resident Judge thereof have jurisdiction.

The judgment of Judge Bundy is hereby

Reversed.