MARTHA LAUGHLIN TEAGUE v. ROGER EDGAR TEAGUE.

(Filed 29 November, 1967.)

**1. Divorce and Alimony § 1—**

The rendition of absolute divorce does not oust the jurisdiction of a court in which a prior action for alimony without divorce was pending.

**2. Divorce and Alimony §§ 23, 24—**

The Superior Court has authority to modify an order affecting the custody and support of a minor child when changed circumstances so require, G.S. 50-13, G.S. 50-16, and the court's findings of fact, in modifying such order, are conclusive on appeal if supported by competent evidence.

**3. Divorce and Alimony § 23—**

The amount allowed by the court for the support of the children of the marriage will be disturbed on appeal only when there is a gross abuse of discretion, and the court has plenary authority to order the father to turn over to the plaintiff, for the use of the children, the home owned by the parties as tenants by the entireties.

APPEAL by defendant from *Hasty, J.,* 24 April 1967 Non-Jury Session of GUILFORD (Greensboro Division).

Plaintiff instituted this action against her husband on 9 March 1965 under G.S. 50-16 for alimony without divorce. She also sought custody of the two children of the marriage, Linda Jane Teague and Roger Darrell Teague, then aged 15 and 10 respectively, a reasonable subsistence for them, possession of the home, which the parties owned as tenants by the entirety, and counsel fees. On 5 April 1965, Gambill, J., entered an order directing defendant to pay plaintiff $40.00 a week for the support of herself and the children. The award included an allowance of $100.00 to plaintiff's counsel. We upheld this order in a decision filed 14 January 1966. *Teague v. Teague,* 266 N.C. 320, 146 S.E. 2d 87. Pending that appeal, on 18 October 1965, plaintiff had secured an absolute divorce from defendant.

On 16 March 1966, Armstrong, J., entered an order in which he awarded plaintiff the custody of the two children with visitation rights to defendant. Defendant's weekly payments, now solely for the support of the two children, were reduced to $25.00 a week, and defendant was ordered to pay plaintiff's attorney a fee of $300.00.

On 28 February 1967, plaintiff filed a verified motion that defendant be required to increase his payments for the children's support to $60.00 a week. She averred that since the entry of Judge Armstrong's order she and the children had moved from the home of her parents, where they had paid no rent or utility bills; that, exclusive of school expenses, medical and dental bills, it cost her $164.00 a month for the support of the two children; that she had requested defendant to turn over to her the homeplace, which she and defendant now owned as tenants in common, but he had refused.

After due notice to defendant, Judge Hasty heard plaintiff's motion on 26 April 1967. Both plaintiff and defendant testified.

Plaintiff's evidence tended to show: Her monthly expenses for rent, heat, lights, water, telephone, groceries, cleaning, and hospital insurance totaled $256.79. She allocated one-half of this amount, $128.40, to the children's expenses. In addition, Linda's school lunches and fees, transportation, dental and medical bills amounted to approximately $130.00 monthly. For Darrell, these expenditures totaled approximately $78.00. Defendant, who remarried in October 1966, resides alone in the 7-room, Greensboro home, which the parties now own in common. His wife resides in Durham. Defendant refuses to surrender this house, which has three bedrooms and two baths, to plaintiff and the two children. He also refuses to pay plaintiff any rent for the use of her one-half of the property.

Defendant's evidence tended to show: His net income, after taxes, was $5,262.81 in 1966. To meet his necessary living expenses, the mortgage payments on the home, and the payments for the support of the children, he has had to borrow money. His new wife resides in Durham, where she is gainfully employed. In 1966, he purchased a Buick LaSabre automobile and had the title registered in his father's name. He has not paid any of the attorney's fees ordered by the court. The furnishings, which plaintiff took from the home, exceed in value what was due her and her attorney under Judge Armstrong's order.

After hearing the evidence, Judge Hasty found facts in accordance with plaintiff's testimony and concluded that, as a result of a change in conditions since Judge Armstrong made his order, $25.00 a week "is an inadequate sum to provide for the needs and necessities of the two children", and that defendant's income is ample to provide for both his needs and those of the children. In order to eliminate rent and to provide adequate living quarters for the children, Judge Hasty ordered defendant to turn over the home to plaintiff and to pay to her $30.00 each week for the use and benefit of the children. In addition, defendant was required to pay plaintiff's counsel a fee of $100.00.

Defendant excepted to the court's findings of fact, and from the order based thereon he appealed.

*B. Gordon Gentry; G. C. Hampton, Jr., for plaintiff appellee.*
*Cahoon & Swisher for defendant appellant.*

PER CURIAM. The record does not disclose the county in which plaintiff and defendant were divorced. Presumably the divorce was secured in Guilford County. The place, however, is immaterial, for the court in which an action for alimony without divorce (G.S.

50-16) was instituted does not lose its custody jurisdiction to the court of another county in which an action for divorce is subsequently filed. *In re Custody of Sauls,* 270 N.C. 180, 154 S.E. 2d 327; *Blankenship v. Blankenship,* 256 N.C. 638, 124 S.E. 2d 857. Defendant's contention that Judge Hasty lacked jurisdiction of the motion is without merit.

A court order affecting the custody or support of a minor child may always be modified when changed circumstances so require. G.S. 50-13; G.S. 50-16; 2 Lee, N. C. Family Law § 153 (1963). The record discloses that since Judge Armstrong made his order on 16 March 1966, changed conditions have affected the welfare of the two children. That order was, therefore, subject to modification by Judge Hasty. The facts which he found are supported by competent evidence and are binding on this Court. *Williams v. Williams,* 261 N.C. 48, 134 S.E. 2d 227.

The amount which defendant should pay to plaintiff for the support of their two children was a matter for the trial judge's determination, reviewable only in case of an abuse of discretion. *Rowland v. Rowland,* 253 N.C. 328, 116 S.E. 2d 795. The court had plenary authority to order defendant to turn over to plaintiff, for the use of the children, the home which the parties owned. *Sguros v. Sguros,* 252 N.C. 408, 114 S.E. 2d 79; *Wright v. Wright,* 216 N.C. 693, 6 S.E. 2d 555. Under the facts here disclosed, the arrangement appears to have been appropriate. Even with shelter thus provided for them, the sum of $30.00 a week ($1,560.00 a year) for the support of two school children, aged 17 and 12 respectively, will provide only minimum sustenance. Under all the circumstances disclosed, defendant could not reasonably expect to pay less.

Plaintiff's application for a modification of Judge Armstrong's order was necessitated by defendant's refusal to consider plaintiff's request for additional support for the children. Having thus forced her to apply to the court to secure for his children the support to which they are entitled, defendant cannot justly complain at being required to assist in the payment of plaintiff's necessary counsel fees.

The order of Judge Hasty is in all respects

Affirmed.