DOROTHY H. SHEPHERD (Now DOROTHY H. BARRINGER) v. RAY B. SHEPHERD.

(Filed 28 February, 1968.)

**1. Divorce and Alimony § 22—**

The court in which a divorce action is instituted acquires jurisdiction over the custody of the unemancipated children of the parties, and such jurisdiction continues even after the decree of divorce.

**2. Divorce and Alimony § 24; Infants § 9—**

Decrees awarding custody of minor children are subject to judicial modification upon a change of circumstances affecting the welfare of the children.

**3. Same—**

An order of the court modifying a decree of custody must be supported by a finding of fact of changed conditions, and upon the failure of the court to find sufficient facts to support the judgment, the cause will be remanded for a hearing *de novo*.

**4. Infants § 9—**

In a judgment awarding the custody of a child, a recital therein to the effect that the court considered other matters which were brought to its attention and that such matters were known by all the parties and their counsel, *is held* insufficient to show that the court based its ruling on matters *dehors* the record.

**5. Appeal and Error § 38—**

Where the record states that the parties agreed to the case on appeal but contradictions appear in the record as to matters decisive of the assignments of error, the case is properly remanded to be settled by the trial court.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Crissman, J.*, 28 August 1967 Criminal Session of GUILFORD, Greensboro Division. This case was docketed and argued at the Fall Term 1967 as No. 698.

Motion in the cause filed 22 August 1967 by defendant to inquire into the custody of Susan Elaine Shepherd, minor daughter born to the marriage of plaintiff and defendant.

By judgment of Judge Walter E. Crissman dated 25 November 1963, plaintiff obtained an absolute divorce from defendant and was awarded "complete and exclusive care, custody and control" of the child. The judgment further provided:

". . . defendant shall have the right and authority to visit with Susan Elaine Shepherd . . . at any reasonable time, at any place he so desires and as frequently as he so desires; provided, said visitations do not unreasonably interfere with the

health, education and welfare of said minor child; and the defendant shall have the right to have the said minor child visit with him at his place of residence during the period of time each year when the said minor child is out of school for her summer vacation and to have the said minor child visit with him during the Christmas holidays one year out of every two years. . . ."

Plaintiff remarried in December 1963 and she and her daughter moved to Charleston, West Virginia, to live with plaintiff's husband, William A. Barringer. Defendant remarried in May 1964 and presently lives in Greensboro with his wife, her son by a previous marriage, and an infant child born to their marriage.

During the summer of 1967, Susan was visiting defendant and was to return to Charleston, West Virginia, on 21 August 1967. She did not return on that date. On 22 August 1967, this motion in the cause to inquire into the custody of Susan Shepherd was filed by defendant.

At hearings held on August 29-30 and 11 September 1967 before Judge Crissman, numerous affidavits were submitted on behalf of plaintiff and defendant to the effect that both parents were fit persons to have custody of the child. Individual affidavits of both plaintiff and defendant related that conduct on the part of the other had emotionally disturbed the child. The child submitted a handwritten letter indicating her desire in the matter. On 29 August 1967, in chambers, Susan gave unsworn testimony in the presence of Judge Crissman and attorneys for both parties, which was transcribed by the court reporter. Subsequently, Judge Crissman talked with her without the presence of counsel or the court reporter. The record is conflicting as to whether counsel and parties consented to the private talk between the Judge and the child.

Counsel for the parties disagreed as to whether or not there had been an agreement to hear the matter only upon affidavits. On 29 August 1967, the Judge announced that if he needed to hear from anybody on either side, he would hear it on the next day, and if he did not need to hear from them, he would try to make a decision on it anyway.

A statement appears in the record that plaintiff's attorney asked to put on testimony and to be permitted to cross-examine defendant, Ray B. Shepherd. The record does not show when this request was made or whether a witness was actually tendered, nor does it show what the testimony would have been had the witness testified. Further, the statement of case on appeal shows that on 11 September 1967 neither party, nor their counsel, indicated a desire to introduce

evidence. By a footnote contained on the same page of the record, appellant indicates that this statement was the recollection of the Judge and defendant's counsel, and that plaintiff and her counsel "do not agree that this recollection is correct and object to its inclusion."

On 18 September 1967 Judge Crissman entered judgment which, in part, is as follows:

> ". . . plaintiff . . . and defendant . . . were both represented by counsel; . . . each caused to be filed with the Court certain pleadings and a number of affidavits; that the minor child born of the marriage between the parties hereto, to wit, Susan Elaine Shepherd, age eleven years, testified in this matter and gave further information to the Court, in chambers; that other matters were brought to the attention of the Court, which said matters were known by all of the parties hereto and their respective Counsel, all of which said matters were considered by the Court in arriving at its judgment. . . .

> ". . . defendant . . . is a fit and proper person to assume the responsibilities and obligations commensurate with the custody and control of the minor child . . .; that the best interests of the said Susan Elaine Shepherd would best be served by her being placed in the custody of her father, Ray B. Shepherd, defendant herein; . . . the mother, plaintiff herein, should have reasonable visitation privileges with her daughter, . . . which . . . privileges and arrangements should be worked out between the parties hereto, considering at all times the schedule and welfare of the said Susan Elaine Shepherd.

> "Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Ray B. Shepherd, defendant herein, be, and he is hereby granted full and complete custody and control of Susan Elaine Shepherd, and that henceforth the said Ray B. Shepherd shall not be required to pay to the plaintiff any support whatsoever for or on behalf of the said Susan Elaine Shepherd as long as she remains in his care, custody and control under the terms of this Judgment.

> "IT IS FURTHER ORDERED that this matter be retained for the further orders of this Court in the event of a change in circumstances."

Plaintiff appealed.

*Smith, Moore, Smith, Schell & Hunter for plaintiff.*
*Perry N. Walker for defendant.*

BRANCH, J. Appellant contends that the trial court erred in modifying the custody order without a finding of fact of any change of circumstances affecting the welfare of the child. This assignment of error is based on exceptions duly noted. *Langley v. Langley,* 268 N.C. 415, 150 S.E. 2d 764.

As a general rule, the court in which a divorce action is instituted acquires jurisdiction over the custody of unemancipated children of the parties, and such jurisdiction continues even after the divorce. This phase of the court's jurisdiction is properly activated by a motion in the cause. *Cox v. Cox,* 246 N.C. 528, 98 S.E. 2d 879. Decrees awarding custody of minor children determine the present rights of the parties, but such decrees are subject to judicial modification upon a change of circumstances affecting the welfare of the children. *Thomas v. Thomas,* 259 N.C. 461, 130 S.E. 2d 871.

The rationale of modification of custody decrees upon a change of circumstances is stated in *Hardee v. Mitchell,* 230 N.C. 40, 51 S.E. 2d 884, as follows:

> ". . . the welfare of the child at the time the contest comes on for hearing is the controlling consideration. . . . It may be well to observe . . . that the law is realistic and takes cognizance of the ever changing conditions of fortune and society. While a decree making a judicial award of the custody of a child determines the present rights of the parties to the contest, it is not permanent in its nature, and may be modified by the court in the future as subsequent events and the welfare of the child may require. . . ."

In the case of *Stanback v. Stanback,* 266 N.C. 72, 145 S.E. 2d 332, the Court construed the validity of an order of one superior court judge modifying a custody order entered by another superior court judge. Holding that absent evidence of changed conditions the judge was without authority to modify the previous custody order, the Court, speaking through Higgins, J., stated:

> ". . . There is no evidence the fitness or unfitness of either party had changed between the hearings. There is no evidence the needs of the boys had changed during that time, or that they were not properly cared for by the father.
>
> "A judgment awarding custody is based upon the conditions found to exist at the time it is entered. The judgment is subject to such change as is necessary to make it conform to changed conditions when they occur. . . .
>
> ". . . Judge Gwyn's finding of changed conditions is not

supported by the evidence. Absent evidence of change he was without authority to modify Judge Walker's order. . . ."

Appellee contends that there is no necessity to find facts of changed circumstances affecting the welfare of the minor child, since the judge who originally granted custody signed the order of modification.

"The welfare of the child in controversies involving custody is the polar star by which the courts must be guided in awarding custody." *Thomas v. Thomas, supra.*

A decree of custody is entitled to such stability as would end the vicious litigation so often accompanying such contests, unless it be found that some change of circumstances has occurred affecting the welfare of the child so as to require modification of the order. To hold otherwise would invite constant litigation by a dissatisfied party so as to keep the involved child constantly torn between parents and in a resulting state of turmoil and insecurity. This in itself would destroy the paramount aim of the court, that is, that the welfare of the child be promoted and subserved.

We hold that there must be a finding of fact of changed conditions before an order may be entered modifying a decree of custody. The jurisdiction is in the courts, and whether the original decree was entered by the same judge of superior court or some other judge of superior court is not controlling. Here, the trial judge did not find sufficient facts to support the judgment.

Appellant contends that the order of the trial court was error because it was based on matters outside the record. The judgment recites:

". . . that other matters were brought to the attention of the Court, which said matters were known by all of the parties hereto and their respective Counsel, all of which said matters were considered by the Court in arriving at its judgment; . . ."

*In re Custody of Gupton,* 238 N.C. 303, 77 S.E. 2d 716, concerns a custody matter in which the court made "an independent investigation of the private and home life of the parties to the controversy" through the instrumentality of "an officer of the law." "In so doing, the judge acted on his 'own motion and without the knowledge of the litigants or their attorneys.'" The petitioner in that action excepted to the judgment and appealed, asserted that the judgment was based upon evidence and matters not in the record. In setting the judgment aside, the Court stated:

"The law of the land clause embodied in Article I, Section

17, of the North Carolina Constitution guarantees to the litigant in every kind of judicial proceeding the right to an adequate and fair hearing before he can be deprived of his claim or defense by judicial decree. *Eason v. Spence,* 232 N.C. 579, 61 S.E. 2d 717; *Surety Corp v. Sharpe,* 232 N.C. 98, 59 S.E. 2d 593.

"Where the claim or defense turns upon a factual adjudication, the constitutional right of the litigant to an adequate and fair hearing requires that he be apprised of all the evidence received by the court and given an opportunity to test, explain, or rebut it. *In re Edwards' Estate,* 234 N.C. 202, 66 S.E. 2d 675; *S. v. Gordon,* 225 N.C. 241, 34 S.E. 2d 414; *Interstate Commerce Commission v. Louisville & N. R. Co.,* 227 U.S. 88, 33 S. Ct. 185, 57 L. Ed. 431.

"The judgment sets at naught the petitioner's constitutional right to an adequate and fair hearing. It deprives him of his claim to the custody of his daughter upon a factual adjudication based in substantial part upon evidence of an unrevealed nature gathered by the presiding judge in secret from undisclosed sources without his knowledge or that of his counsel."

See also *In re Gibbons,* 245 N.C. 24, 95 S.E. 2d 85.

The judgment on its face shows that it was partially based "on matters brought to the attention of the court . . . all of which matters were considered by the court in arriving at its judgment." The record fails to show whether the judgment entered was based substantially on evidence received outside the record, and the record shows that parties and counsel were cognizant of the matters referred to. This assignment of error, standing alone, is not prejudicial error, but we observe that it is the better procedure (absent consent of all parties) in hearings of this nature for the trial court to base its factual adjudication upon evidence received by it in open court, so as to give all parties opportunity to test, explain, or rebut it.

The condition of the record as to the remaining assignments of error is such that we would ordinarily remand so that the case might be properly settled by the judge. *McDaniel v. Scurlock,* 115 N.C. 295, 20 S.E. 451. It appears from the record that the case on appeal was accepted by the attorney for appellee on 6 October 1967, and that no objections or countercase has been returned by appellee. The case on appeal was not settled by the trial judge. Rather, it appears that the parties agreed to the case on appeal. However, upon an examination of the record itself we find constant contradictions as to matters decisive of the remaining assignments of error.

Although we do not deem it necessary to consider the remaining assignments of error, we note that this Court has held that the trial judge may question a child in open court in a custody proceeding, but he cannot do so privately except by consent of the parties. *Raper v. Berrier*, 246 N.C. 193, 97 S.E. 2d 782; *In re Gibbons, supra.* Further, in a proceeding involving final custody the trial court should permit oral evidence when properly tendered and the exercise of the right of cross-examination when requested. *Stanback v. Stanback, supra*; 27B C.J.S., Divorce, § 315, p. 496; *Cotton Mills v. Local 578*, 251 N.C. 218, 111 S.E. 2d 457.

For the reasons stated, the judgment of the trial court is vacated and this cause is remanded to the end that there may be a hearing *de novo* according to the principles herein enunciated.

Error and remanded.

HUSKINS, J., took no part in the consideration or decision of this case.