Todd v. Todd

WANDA TODD v. JAMES KYLE TODD

No. 7321DC309

(Filed 13 June 1973)

**Divorce and Alimony § 24; Infants § 9— custody by mother — overnight
visits by male friend — no substantial change in circumstances**

The trial court did not make sufficient findings of a substantial
change of circumstances to support modification of a child custody
order transferring custody from the mother to the father where the
court found the mother had allowed a male friend to spend numerous
nights and weekends in her home and in the presence of the child, the
court found the mother had permitted such visitations prior to the
former order, and the court failed to find there was any adulterous
relationship between the mother and her male friend or that the
mother had become an unfit person to have custody of the child.

APPEAL by plaintiff from *Sherk, Judge,* 9 November 1972
Session of FORSYTH District Court.

Plaintiff instituted this action on 20 December 1971 to have
the court determine custody of Tammy Victoria Todd, a child
born to the marriage of the parties on 9 February 1967, and
specify the amount of child support defendant should pay. The
parties were married to each other on 12 June 1966 and sepa-
rated in July of 1971.

On 31 January 1972, following a hearing, Judge Sherk en-
tered an order finding that both plaintiff and defendant were
fit and proper persons to have custody of the child but at that
time the best interest of the child required that her custody
be awarded to plaintiff. Custody was awarded to plaintiff, with
visitation rights given to defendant who was ordered to pay
$30.00 per week child support. There was no appeal from that
order.

On 13 June 1972 defendant filed a motion in the cause
alleging that since the above mentioned order was entered, plain-
tiff had been living in adultery with one Ralph Brunett and
that plaintiff was no longer a fit and proper person to have
custody of the child; defendant asked that he be awarded cus-
tody.

On 30 November 1972, following a hearing by the court
and an investigation by a family counselor of the Domestic Di-

vision of the District Court, Judge Sherk entered an order summarized in pertinent part as follows:

(1) Finding that "prior to said (31 January 1972) order and since said order the plaintiff has allowed one Ralph Brunett to spend numerous nights and weekends in the home of plaintiff and in the presence of the said minor child."

(2) Finding that it would be in the best interest of said child that the order previously entered be changed whereby defendant would be awarded the exclusive custody, care and control of said child with plaintiff given certain visitation rights.

(3) Ordering that exclusive custody, care and control of the child be awarded to defendant, with specified visitation privileges in plaintiff.

Plaintiff appealed from the order.

*White and Crumpler by Fred G. Crumpler, Jr., and Michael J. Lewis for plaintiff appellant.*

*Wilson and Morrow by Harold R. Wilson and John F. Morrow for defendant appellee.*

BRITT, Judge.

Plaintiff contends that the trial court erred in entering the order modifying a previous custody order without a finding of substantial change in circumstances affecting the welfare of the child. The contention has merit.

G.S. 50-13.7(a) provides: "An order of a court of this State for custody or support, or both, of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested." Our courts have held that before a custody order may be altered a *substantial* change of circumstances must be shown. *Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77 (1967); *Rothman v. Rothman*, 6 N.C. App. 401, 170 S.E. 2d 140 (1969).

We do not think the trial court made sufficient findings of substantial change of circumstances to support the order transferring custody of the child from plaintiff to defendant. While the court found that plaintiff had allowed a male friend to spend numerous nights and weekends in her home and "in the presence of" the child, the court found that plaintiff had

permitted visitations by her male friend prior to the former order and failed to find that there was any adulterous relationship between plaintiff and said friend. In its previous order the court found that both plaintiff and defendant were fit and proper persons to have custody of the child; in the order appealed from the court made no finding that plaintiff had become an unfit person to have custody of the child.

For the reasons stated, the order appealed from is vacated and this cause is remanded for further proceedings not inconsistent with this opinion.

Remanded.

Judges HEDRICK and BALEY concur.