LUCILLE HARRIS v. RONALD SCOTT HARRIS

No. 8117DC569

(Filed 16 February 1982)

**Divorce and Alimony § 25.10— modification of child custody—findings relating to mother's boyfriend—no sufficient change in circumstances**

There was no substantial change in circumstances to justify modification of a child custody order by transferring custody from the mother to the father where the evidence supported the court's finding that the mother had allowed a male friend to visit regularly in the evenings and to stay overnight at least once, but there was no evidence to support the court's finding that "this relationship, continued in the presence of the minor child, will have a future injurious effect upon the development and formation of the minor child's character, mental and emotional development."

Judge WEBB dissenting.

APPEAL by plaintiff from *Clark, Judge.* Order entered 2 March 1981 in District Court, SURRY County. Heard in the Court of Appeals 2 February 1982.

Plaintiff instituted this action on 6 August 1980 seeking, among other things, custody of Stacy Harris, a child born to the marriage of the parties on 1 October 1977, and a reasonable amount of child support. The parties were married on 12 June 1970 and separated in June 1980.

On 3 November 1980, following a hearing, Judge Clark entered an order finding that both plaintiff and defendant were fit and suitable persons to have custody of the child but at that time the best interest of the child required that her custody be awarded to plaintiff. Custody was awarded to plaintiff, with visitation rights given to defendant who was ordered to pay $40.00 per week child support. There was no appeal from that order.

On 14 January 1981 defendant filed a motion in the cause alleging that since the above mentioned order was entered, plaintiff had been committing adultery in the presence of the minor child and that plaintiff was no longer a fit and proper person to have custody of the child. Defendant asked that he be awarded custody.

On 2 March 1981 Judge Clark entered an order summarized in pertinent part as follows:

1. "That the plaintiff is dating Jimmy Nelson Gwyn on a regular basis and he is coming to plaintiff's premises regularly at night. That on at least one occasion, he stayed overnight, in the presence of the minor child. That this situation is presently injurious to the minor child with respect to the formation of her moral attitude and character and the Court finds as a fact that this relationship, continued in the presence of the minor child, will have a future injurious effect upon the development and formation of the minor child's character, mental and emotional development."

2. "That the custody of the minor child, STACY HARRIS, is hereby placed with the defendant for the next six months from the date of the signing of this Order, actual transfer of custody to be consistent with the other paragraphs in this Order pertaining to the evaluation. That the plaintiff shall have visitations during this period consistent with those alternate weekend visitations afforded the defendant in the Order of October 15, 1980, beginning Friday, March 13, 1981."

3. "That the defendant shall pay for a psychological evaluation of the minor child now and again in six months."

4. "That at the end of the six months period another evaluation shall be obtained at the defendant's expense of the

aforesaid minor child. That said evaluation shall be by Dr. Drew Edwards or a competent psychologist of the aforesaid minor child. That the defendant shall retain custody of the minor child at that time until the evaluation is completed. Upon completion of the evaluation, the matter of custody shall be considered by this Court, after a hearing."

Plaintiff appealed from this order.

*Faw, Folger, Sharpe & White by Cama C. Merritt for the plaintiff-appellant.*

*Westmoreland, Sawyer & Miller by Gordon A. Miller for the defendant-appellant.*

MARTIN (Robert M.), Judge.

The question presented by this appeal is whether there was sufficient evidence of change of circumstances affecting the welfare of Stacy Harris to justify modification of a prior order placing her in the custody of her mother.

> The entry of an Order in a custody matter does not finally determine the rights of parties as to the custody, care and control of a child, and when a substantial change of condition affecting the child's welfare is properly established, the Court may modify prior custody decrees. G.S. 50-13.7; *Teague v. Teague,* 272 N.C. 134, 157 S.E. 2d 649; *In re Herring,* 268 N.C. 434, 150 S.E. 2d 775; *Stanback v. Stanback,* supra; *Thomas v. Thomas,* supra; *In re Means,* 176 N.C. 307, 97 S.E. 39. However, the modification of a custody decree must be supported by findings of fact based on competent evidence that there has been a substantial change of circumstances affecting the welfare of the child, and the party moving for such modification assumes the burden of showing such change of circumstances. *Shepherd v. Shepherd,* 273 N.C. 71, 159 S.E. 2d 357; *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77; and *Williams v. Williams,* 261 N.C. 48, 134 S.E. 2d 227.

*Blackley v. Blackley,* 285 N.C. 358, 362, 204 S.E. 2d 678, 681 (1974).

We do not think the trial court made sufficient findings of substantial change of circumstances to support the order transferring custody of the child from plaintiff to defendant. *See Todd v.*

*Todd,* 18 N.C. App. 458, 197 S.E. 2d 1 (1973). While the court found that plaintiff had allowed a male friend to visit regularly in the evenings and at least once to stay overnight, we find nothing in the record to support the critical finding that "this relationship, continued in the presence of the minor child, will have a future injurious effect upon the development and formation of the minor child's character, mental and emotional development." The court failed to find that there was any adulterous relationship between plaintiff and said friend. *Id.* In its previous order the court found that both plaintiff and defendant were fit and proper person to have custody of the child; in the order appealed from the court made no finding that plaintiff had become an unfit person to have custody of the child.

For the aforegoing reasons, the order appealed from is vacated and this cause is remanded for further proceedings not inconsistent with this opinion.

Remanded.

Judge WELLS concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from the majority. I believe the evidence and the finding of fact that the plaintiff had been dating a man and on at least one occasion that he had stayed with her overnight is sufficient to show a change in circumstances justifying the order of the District Court. The majority cites *Todd v. Todd,* 18 N.C. App. 458, 197 S.E. 2d 1 (1973). I do not believe it is precedent for this case. In *Todd* the court found the mother had allowed a man to stay with her before and after the first order for custody was made. This Court held that did not support a finding of change in circumstances so as to change custody. In this case there was not evidence the plaintiff had allowed a man to stay prior to the first order for custody.