KAREN FLIPPEN PERDUE v. MICHAEL LYNN PERDUE

No. 8521DC70

(Filed 17 September 1985)

**Divorce and Alimony § 25.9— child custody—rehabilitation from alcoholism— change in circumstances**

   Where plaintiff had lost custody of her child to the father because of a problem with alcohol abuse, the mother's substantial progress in rehabilitation from alcoholism constituted a sufficient change in circumstances to support the trial court's return of custody of the child to plaintiff mother.

   Judge BECTON concurring in the result.

   Judge MARTIN dissenting.

   APPEAL by defendant from *Harrill, Judge.* Judgment entered 17 August 1984 in District Court, FORSYTH County. Heard in the Court of Appeals 29 August 1985.

   The defendant appeals from an order changing the custody of a minor. The parties had been married but were divorced on 13 April 1981. The custody of the only child born to the marriage was awarded to the plaintiff in the divorce decree in which decree was incorporated by reference a separation agreement and consent judgment which gave custody to the plaintiff.

   On 8 June 1983 the defendant made a motion in the cause that he be given custody of the child. At that time the plaintiff was receiving treatment for alcoholism. She had been in an institution twice in connection with alcohol abuse and had been involved in an automobile accident while intoxicated in which the child was injured. The court on 23 August 1983 gave the custody of the child to the defendant and ordered that a hearing be held in June 1984 should the plaintiff request it to determine the best. interest of the child at that time.

   In the summer of 1984 the plaintiff made a motion for change of custody. On 9 August 1984 a hearing was held on the plaintiff's motion. On 17 August 1984 the court entered an order in which it found facts to the effect that she had made substantial progress in rehabilitation from alcoholism and her "accomplishments . . . constitute a material change of circumstances affecting the welfare of the child." The court ordered the custody returned to the plaintiff. The defendant appealed.

*Sparrow & Bedsworth, by W. Warren Sparrow and George A. Bedsworth, for plaintiff appellee.*

*Wolfe and Collins, by John G. Wolfe, III, for defendant appellant.*

WEBB, Judge.

This appeal brings to the Court a question as to whether there has been a sufficient change in circumstance to return the custody of the parties' child to the plaintiff. G.S. § 50-13.7(a) provides in part, "an order of a court of this State for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested." The appellant, relying on *Harris v. Harris*, 56 N.C. App. 122, 286 S.E. 2d 859 (1982) and *Daniels v. Hatcher*, 46 N.C. App. 481, 265 S.E. 2d 429, *disc. rev. denied*, 301 N.C. 87 (1980) argues that the courts of this state "have expanded the statutory language of G.S. 50-13.7(a)" to require for a change in custody not only a change in circumstance as stated in the statute but a change in circumstance which will adversely affect the child if custody is not changed. There is language to this effect in the cases cited by the defendant and in other cases. *See Clark v. Clark*, 294 N.C. 554, 243 S.E. 2d 129 (1978); *Tucker v. Tucker*, 288 N.C. 81, 216 S.E. 2d 1 (1975); and *Blackley v. Blackley*, 285 N.C. 358, 204 S.E. 2d 678 (1974). We believe this language must be interpreted in the light of a maxim of these cases that a district court judge has a broad discretion in determining custody. In this case it is evident the court felt in the summer of 1983 that except for the plaintiff's problem with alcohol the best interest of the child would be served by continuing custody with the plaintiff. When the plaintiff's problem was ameliorated this change in circumstance removed the obstacle to making it in the child's best interest to be with her mother. In the summer of 1984 the best interest of the child would be served by awarding custody to the plaintiff. This means the change of circumstance is such within the meaning of the language of the cases that the child will be adversely affected if custody is not changed.

We believe we are bound by *Spence v. Durham*, 283 N.C. 671, 198 S.E. 2d 537 (1973) to hold that the findings of fact support the district court's order in this case. One of the facts in that case

Perdue v. Perdue

which our Supreme Court held supported a finding of change in circumstance sufficient for an order for change of custody was that the mother had been emotionally unstable at the time of the hearing at which she was deprived of custody but was emotionally stable at the time of the hearing at which custody was returned to her. In this case the child was taken from the mother because of her problem with alcohol. When the court found this problem had been alleviated it could under *Spence* return the custody of the child to the plaintiff.

We hold that on the facts found in this case the court did not abuse its discretion.

Affirmed.

Judge BECTON concurs.

Judge MARTIN dissents.

Judge BECTON concurring in the result.

Although technicalists could argue that the trial court was overly concerned with the "best interest of the mother," in my view, the record supports the trial court's determination to *reinstate* custody to the mother. After all, the father was essentially given temporary custody for the 1983-84 school year, the trial court specifically noting that the mother could request a hearing "in June of 1984 after the coming school year, to determine what is then in the best interest of the minor child." And, to me, that seems imminently practical, considering (a) that the mother had exercised either joint or sole custody of the six-year-old child during the child's first five years; and (b) that the only reason the custody order was amended was because of the mother's alcoholism.

I do not believe a person's temporary incapacitation because of physical problems or sickness should evoke a different response than temporary incapacitation due to alcoholism. Significantly, in addition to finding that the mother had "adequate facilities . . . to afford generous care and love and affection for the minor child," the trial court, even when it granted the father custody "was of the opinion that [the mother] . . . was making an

effort to control her [alcohol] problem and had made substantial progress but a sufficient time had not elapsed to demonstrate that it was in the best interest of the child to award . . . custody to [the] mother." Finally, the decretal portion of the order reinstating custody in the mother is supported by what the trial court labels as finding of fact and conclusion of law number 7:

> 7. The finding in the 15 August 1983 order that both parties were fit and suitable parents remains undisturbed but the accomplishments of the child's mother since that time constitute a material change of circumstances affecting the welfare of the child and justify a reinstatement of the custody provisions contained in the 13 April 1981 divorce judgment, it being in the best interest of the child that she be returned to the mother's custody subject to her father's visitation privileges.

Judge MARTIN dissenting.

I would reverse the judgment of the District Court. It is well-settled law that the welfare of the child is the paramount consideration which must guide the judge in cases involving custody of children. *Blackley v. Blackley*, 285 N.C. 358, 204 S.E. 2d 678 (1974). A prior custody decree may be modified only upon findings of fact based on competent evidence that there has been a substantial change in condition affecting the welfare of the child. *Id.;* *Clark v. Clark*, 294 N.C. 554, 243 S.E. 2d 129 (1978).

Neither the evidence presented at the 9 August 1984 hearing, nor the court's findings in its order of 17 August 1984, disclose a material change in circumstances affecting *the welfare of the minor child* in this case. The evidence offered by plaintiff tended to show that although she had made laudable progress in overcoming her alcoholism, she was separated from her second husband and was considering a third marriage. She was steadily employed but continued to reside with her parents. Although she earned more than $20,000 per year and paid no rent, she made no contribution to the support of the minor child. She conceded that her daughter was well cared for while in defendant's home and that the child's grades in school had improved while in defendant's custody. On the other hand, the defendant's evidence indicated that the minor child had lived in a stable environment

during the year in which he had had custody of her. The court's order simply chronicled the plaintiff's progress and found that she had adequate facilities to care for the child. The court found that both plaintiff and defendant were fit and suitable parents, "but the accomplishments of the child's mother . . . constitute a material change in circumstances affecting welfare of the child . . . it being in the best interest of the child that she be returned to the mother's custody. . . ."

In my view, the only change in circumstances disclosed by the evidence and found by the court affected the welfare of the mother, rather than the minor child. The record discloses no change in circumstances affecting the welfare of the child sufficient to justify a modification of the prior order awarding custody to the defendant father.

I likewise believe the majority misapprehends the Supreme Court's decision in *Spence v. Durham*, 283 N.C. 671, 198 S.E. 2d 537 (1973). In that case, the finding that the plaintiff mother had become emotionally stable was only one of a number of factors which the trial court found in modifying a custody decree to award custody to the mother rather than the grandparents. Other factors relied upon by the court included findings that the mother had supported the children and provided them with a good home; was attending to their schooling, religious education and social life; that she had arranged her affairs so as to be with the children when they were not in school; and that, due to the grandparents' age, she was better able to respond to the daily needs of the children than were the grandparents. These findings, concluded the Supreme Court, were sufficient to support the trial court's holding that the best interests of the children required a modification of custody.

The evidence and findings in the case *sub judice* fall far short of *Spence*, and fail to justify a modification in custody. The judgment of the District Court should therefore be reversed.