CALABRIA, Judge.
Where there was no evidence that an alleged substantial change in circumstances had any impact on the best interest and welfare of a minor child, the trial court lacked jurisdiction to consider defendant's motion to amend a final child custody order.
I. Factual and Procedural Background
Julie Del Rosso-Schneider ("plaintiff") and Nicolas Schneider ("defendant") were married on 12 June 2011, and separated on 24 June 2014. One child was born to the marriage. The separation proceeded to trial, and on 4 February 2015, the trial court entered its final order of child custody ("the final order"). This order decreed, inter alia , that plaintiff and defendant would share joint legal care and custody of the minor child, alternating physical custody on a weekly basis; that both parties would share equal time with the minor child on his birthday; and that the parties would establish holiday and vacation schedules by mutual agreement.
On 20 November 2015, defendant filed a verified motion for ex parte relief, seeking modification of the final order. Specifically, defendant alleged that the parties were unable to reach a mutual agreement regarding holiday and vacation schedules; that in 2015, both the Thanksgiving and Christmas holidays would fall during plaintiff's time with the minor child; and that the minor child had not spent Christmas with defendant since the parties separated. Defendant further asserted that his family lived in Brazil, and that, when the child was older, he wished to take him to meet his extended family. Defendant's motion thus requested that the trial court grant defendant custody of the minor child on the 2015 Christmas holiday; that the trial court establish a schedule for holidays and vacations; and that the trial court provide a means by which defendant could procure a passport for the minor child to travel once he reaches an appropriate age.
On 1 March 2016, a hearing was conducted on defendant's motion, and on 20 April 2016, the trial court entered its order on the motion ("the modified order"). The trial court found that the failure of the parties to agree on a holiday and vacation schedule was not in the best interest of the minor child, and constituted "a substantial change in the circumstances existing at the time of the prior Order[.]" The trial court concluded that a substantial change had occurred, and that modification was in the best interest of the minor child. The trial court therefore decreed a specific Christmas and Thanksgiving holiday schedule, to alternate from year to year, and explicit vacation schedules. It also ordered that, upon the minor child's sixth birthday, the parties "shall take all action necessary to procure a passport for" the minor child.
Plaintiff appeals.
II. Standard of Review
"When reviewing a trial court's decision to grant or deny a motion for the modification of an existing child custody order, the appellate courts must examine the trial court's findings of fact to determine whether they are supported by substantial evidence." Shipman v. Shipman , 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003). "In addition to evaluating whether a trial court's findings of fact are supported by substantial evidence, this Court must determine if the trial court's factual findings support its conclusions of law." Id. at 475, 586 S.E.2d at 254.
With regard to the trial court's conclusions of law, our case law indicates that the trial court must determine whether there has been a substantial change in circumstances and whether that change affected the minor child. Upon concluding that such a change affects the child's welfare, the trial court must then decide whether a modification of custody was in the child's best interests. If we determine that the trial court has properly concluded that the facts show that a substantial change of circumstances has affected the welfare of the minor child and that modification was in the child's best interests, we will defer to the trial court's judgment and not disturb its decision to modify an existing custody agreement.
Id .
III. Subject Matter Jurisdiction
In her second argument, which we address first, plaintiff contends that the trial court lacked jurisdiction to consider defendant's motion to modify. We agree.
Plaintiff contends that defendant's motion failed to allege a substantial change in circumstances affecting the welfare of the minor child. Pursuant to statute, "an order of a court of this State for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested." N.C. Gen. Stat. § 50-13.7(a) (2015). In considering such a motion, "the trial court must determine whether there has been a substantial change in circumstances and whether that change affected the minor child." Shipman , 357 N.C. at 475, 586 S.E.2d at 254. With respect to a showing of effect on the minor child, this Court has held:
When a trial court modifies a custody order, the requisite change in circumstances cannot be "inconsequential" or "minor," but rather must significantly affect the welfare of the children. Pulliam , 348 N.C. at 630, 501 S.E.2d at 905 (Orr, J., concurring). "By this, we mean that the changes are of the type which normally or usually affect a child's well-being-not a change that either does not affect the child or only tangentially affects the child's welfare." Id . The trial court need not determine whether the effects of the substantial change in circumstances were adverse or beneficial, "but only that the substantial change affects the welfare of the child." Id . at 630, 501 S.E.2d at 906.
Unless the effect of the change on the children is "self-evident," the trial court must find sufficient evidence of a nexus between the change in circumstances and the welfare of the children. Shipman , 357 N.C. at 478, 586 S.E.2d at 255-56. The moving party maintains the burden of proving a substantial change in circumstances exists that affects the welfare of the children. Tucker v. Tucker , 288 N.C. 81, 87, 216 S.E.2d 1, 5 (1975).
Stephens v. Stephens , 213 N.C. App. 495, 499, 715 S.E.2d 168, 171-72 (2011).
Even assuming arguendo that the evidence in the record supported the trial court's findings and conclusions concerning a change in circumstances, the trial court was obligated to enter findings and conclusions reflecting the impact the change of circumstances had on the minor child. In the instant case, although the trial court found that the parties' failure to agree constituted a substantial change in circumstances, and that this change "affect[ed] the welfare of the minor child," we can find no evidence in the record to support this determination.
Defendant's verified motion in the cause makes no allegations with respect to any impact on the minor child, save that he "has not spent Christmas Day with the Defendant since the parties separated." Likewise, during the hearing on defendant's motion, the only evidence of what was in the minor child's best interest was testimony by plaintiff that "as a mom I've observed [him] having distress about not seeing me after a week's time." Aside from this, there was no evidence raised at trial that the parties' failure to agree or lack of passport had any impact on the minor child, or that a court-ordered change to either of these things would have any effect on him. The burden was on defendant, as movant, to prove the existence of a substantial change affecting the child's welfare , and there was simply no evidence at trial of any effect.
We hold that the trial court's findings with regard to any effects on the child's welfare are not supported by substantial evidence in the record, and do not support its conclusions or ultimate decree. Accordingly, we hold that the trial court lacked the statutory jurisdiction provided by N.C. Gen. Stat. § 50-13.7(a) to hear defendant's motion to modify the original order. We vacate the trial court's modified order.
IV. Change of Circumstances
Plaintiff raises additional arguments. Because we vacate the trial court's order, we need not address these arguments.
VACATED AND REMANDED.
Report per Rule 30(e).
Judges HUNTER and BERGER concur.