IN RE: KATHY LEE HARRELL, JAMES A. HARRELL, JR. AND LAURIE DEAN HARRELL, MINORS

No. 712DC223

(Filed 26 May 1971)

1. Divorce and Alimony § 24— modification of custody order — changed circumstances

As used in G.S. 50-13.7, "changed circumstances" means such a change as affects the welfare of the child.

**2. Divorce and Alimony § 24; Infants § 9— child custody — wishes of child**

> While the wishes of a child of sufficient age to exercise discretion in choosing a custodian are entitled to considerable weight when the custody contest is between parents, the child's wishes are not controlling.

**3. Divorce and Alimony § 24— modification of custody order — changed circumstances — wishes of child**

> The evidence supported the court's finding that there had been no showing of changed circumstances which would warrant a change of the custody of a minor child from the father to the mother, notwithstanding the child wished to reside with his mother and had twice run away from his father's home to visit his mother.

APPEAL by movant from an order of *Ward, District Judge,* entered at the 6 November 1970 Session of the District Court of BEAUFORT County, denying a motion in the cause to modify the custody order of Hubbard, Judge, dated 19 October 1966.

Facts pertinent to this appeal are as follows: On 26 October 1961, a *habeas corpus* proceeding to determine the custody of Kathy Lee Harrell, James A. Harrell, Jr., and Laurie Dean Harrell was filed in the Superior Court of Beaufort County. At that time the children were 7, 4 and 3 years of age, respectively. On 9 December 1961, Judge Paul entered an order dividing the custody of the three children between the maternal and paternal grandparents. On 7 September 1963, Judge Peel entered an order modifying the prior orders of the court and awarding the custody of the children to the father, James A. Harrell, Sr. On 2 January 1964, Judge Peel entered an order continuing the order entered 7 September 1963. On 19 October 1966, Judge Hubbard, upon petition of the mother, modified the order of Judge Peel dated 2 January 1964 by changing the custody of Kathy Lee Harrell from the father to the mother but continuing the custody of James A. Harrell, Jr., and Laurie Dean Harrell in the father.

On 23 October 1970, Ruby Paul Tankard, mother of the children, filed a motion in the cause in the District Court to have the order of Judge Hubbard dated 19 October 1966 modified by awarding the custody of James A. Harrell, Jr., and Laurie Dean Harrell to the mother. On 6 November 1970, District Judge Ward, after hearing evidence, made findings of fact and entered an order denying the motion in the cause to change the

custody of James A. Harrell, Jr., and Laurie Dean Harrell. To the portion of the order regarding the custody of James A. Harrell, Jr., the movant excepted and appealed.

*Frazier T. Woolard for movant appellant.*

*Wilkinson & Vosburgh by James R. Vosburgh for respondent appellee.*

HEDRICK, Judge.

The exceptions in the record present the question of whether the findings of fact are supported by the evidence, and whether the facts found support the order continuing custody of James A. Harrell, Jr., in the father under the terms and conditions of the order entered by Judge Hubbard dated 19 October 1966.

The pertinent part of Judge Hubbard's order which petitioner seeks to have modified reads as follows:

> "The court having heard the evidence of both parties and having had a conference with the parties and their counsel finds that the present interests of said minors will best be served by awarding their custody and control as set forth below in this order:

> "It is ORDERED, ADJUDGED AND DECREED as follows:

> \*   \*   \*

> "2. That for the present time custody of James A. Harrell, Jr. and Laurie Dean Harrell shall remain with the father, James A. Harrell, subject to visitations as set forth herein."

G.S. 50-13.7(a) reads as follows:

> "An order of a court of this State for custody or support, or both, of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested."

Judge Ward's finding "that there was not a sufficient change of circumstances shown which would justify a change in the custody order previously entered by Judge Hubbard in this cause," is conclusive and binding upon this court if supported by competent evidence. *In Re Bowen,* 7 N.C. App. 236, 172 S.E. 2d 62 (1970); *Teague v. Teague,* 272 N.C. 134, 157 S.E. 2d 649 (1967).

In *Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77 (1967), Justice Branch stated:

> "When plaintiff moved that the original order be vacated and either modified or eliminated, he assumed the burden of showing that circumstances had changed between the time of the order and the time of the hearing upon his motion."

[1] "Changed circumstances" as used in the statute, G.S. 50-13.7, means such a change as affects the welfare of the child. *Crosby v. Crosby, supra; Thomas v. Thomas*, 248 N.C. 269, 103 S.E. 2d 371; *Neighbors v. Neighbors*, 236 N.C. 531, 73 S.E. 2d 153.

[2, 3] The evidence offered at the hearing before Judge Ward consisted of the oral testimony of the three children, the movant and her husband, and the father of the children, together with copies of the many orders entered by the three judges who had heard this case from time to time since 26 October 1961. The testimony related principally to a showing that the son, James A. Harrell, Jr., wished to leave his father's home to reside with his mother and to the fact that he had demonstrated his wishes by running away on two occasions from his father's home in Washington, N. C., to visit his mother in Bath, N. C. There was no evidence as to what the boy's wishes were at the time of the entry of the order of Judge Hubbard. There was no evidence of a change of circumstances affecting the welfare of the boy between the time of the entry of the order of Judge Hubbard and the hearing before Judge Ward. There was no evidence that either parent's ability or fitness to provide a home for the boy had changed since the entry of the order dated 19 October 1966. We are aware that the wishes of a child of sufficient age to exercise discretion in choosing a custodian is entitled to considerable weight when the contest is between parents, but his wishes are not controlling. *Elmore v. Elmore*, 4 N.C. App. 192, 166 S.E. 2d 506 (1969). Judge Ward was aware of the wishes of the child, and he was fully cognizant of what actions the boy might take to satisfy his wishes, yet he did not feel that the custody order should be modified. The parties were all before Judge Ward, and he had an opportunity to observe their demeanor as well as consider the evidence.

In our opinion, the evidence in this record would not support a finding of "changed circumstances" affecting the welfare

of James A. Harrell, Jr., that would permit a modification of Judge Hubbard's order by changing the custody of James A. Harrell, Jr., from the father to the mother. We hold that Judge Ward's findings of fact and conclusions of law are supported by the evidence, and the order entered thereon is affirmed.

Affirmed.

Judges BROCK and MORRIS concur.