GLENDA TAPP KENNEY v. EUGENE PATRICK KENNEY AND
EUGENE PATRICK KENNEY v. GLENDA TAPP KENNEY

No. 7210DC515

(Filed 23 August 1972)

1. **Divorce and Alimony § 24; Infants § 9— modification of custody order — change in circumstances**

    A change in circumstances affecting the welfare of a child must be shown before an order relating to the child's custody may be modified. G.S. 50-13.7.

2. **Divorce and Alimony § 24; Infants § 9— change in custody — changed circumstances — improved health of mother**

    There was a sufficient change in circumstances affecting the welfare of the two oldest children of the parties to support the court's order changing their custody from the father to the mother where, at the time custody was awarded to the father, the mother was not capable of providing proper care for all three children of the parties because of her poor physical and emotional condition, but her condition has improved so that she is now physically and emotionally capable of caring for all three children.

3. **Divorce and Alimony § 24; Infants § 9— abandonment of spouse — effect on child custody**

    Whether the mother abandoned the father within the meaning of G.S. 50-7(1) is not controlling on the question of child custody.

4. **Evidence § 44— non-expert testimony as to health**

    Non-expert witnesses who had observed plaintiff over a period of time were properly allowed to describe the state of plaintiff's health and to compare it with that existing at a prior time.

APPEAL by Eugene Patrick Kenney from *Winborne, District Judge,* 24 January 1972 Session of District Court held in WAKE County.

An order was entered in Wake County District Court on 22 February 1971 awarding the custody of one of three children born of the marriage of the parties to the mother, Glenda Tapp Kenney, and awarding to the father, Eugene Patrick Kenney, the custody of the other two children. The mother was awarded custody of Gerrick Glen Kenney, born 17 August 1970. The father was awarded custody of Gina Ann Kenney, born 13 October 1967, and Gevin Patrick Kenney, born 24 March 1969.

Thereafter both parties moved that the custody order be modified, each requesting custody of all three children. The motions were heard together at the 24 January 1972 Session

of District Court held in Wake County. Based upon evidence offered at the hearing, an order was entered 13 April 1972 modifying the previous order by awarding custody of the two oldest children to the mother. Custody of the youngest child was left with the mother, and the father was given liberal visitation privileges with all three children. The father appealed.

*John V. Hunter III for appellee Glenda Tapp Kenney.*

*Gulley & Green by Jack P. Gulley and C. K. Brown for appellant Eugene Patrick Kenney.*

GRAHAM, Judge.

[1]   The principal question presented is whether the mother presented sufficient evidence and the court found sufficient facts to show a material change in the circumstances affecting the welfare of the two oldest children. It is well established in this State that a change of circumstances affecting the welfare of the child must be shown before an order relating to the child's custody may be modified. G.S. 50-13.7; *Shepherd v. Shepherd,* 273 N.C. 71, 159 S.E. 2d 357; *In re Harrell,* 11 N.C. App. 351, 181 S.E. 2d 188; *In re Poole,* 8 N.C. App. 25, 173 S.E. 2d 545; *Rothman v. Rothman,* 6 N.C. App. 401, 170 S.E. 2d 140.

[2]   The order entered by the court consumes twenty-five pages in the record. Among the extensive findings of fact set forth in the order are the following which are summarized, except where quoted:

(1) The mother, presently twenty-eight years of age, and the father, presently forty-four years of age, were married on 17 February 1965.

(2) The parties resided together with their children in Raleigh, North Carolina, for sometime prior to 8 October 1970.

(3) After the birth of the youngest child, the mother was in poor physical condition; she was suffering from phlebitis, cystitis, and kidney stones, and was hospitalized for more than a week.

(4) On 8 October 1970, the mother left Raleigh with the three children and took them to the home of her mother and father in Tuscumbia, Alabama. At this time, "she was in poor

physical condition, and was also in poor emotional condition, being quite nervous and run down." On the following day the father went to Alabama and brought back to Raleigh with him the two oldest children of the parties, leaving the younger child with the mother.

(5) A custody hearing was held in Wake County District Court on January 17, 18, and 19, 1971. At that time the mother "was still in an exhausted condition, in a poor and nervous emotional state, and was not physically or emotionally capable at that time of having the care and custody of all three of the children of the parties."

(6) On 22 February 1971, pursuant to hearings held January 17-19, 1971, an order was entered finding the mother to be a fit and proper person to have custody of the youngest child, finding the father to be a fit and proper person to have custody of the two oldest children, and finding that the best interest and welfare of the children would be promoted by awarding custody of the youngest child to the mother and custody of the two oldest children to the father. At that time no finding was made as to whether the mother was or was not a fit and proper person to have the custody and care of the two oldest children.

(7) There have been substantial and material changes of conditions and circumstances since the entry of the prior order, including: "The physical, emotional, and nervous condition of Glenda Tapp Kenney has improved greatly. She no longer suffers from phlebitis, cystitis, and kidney stones, which previously affected her after the termination of her third pregnancy in four years, and from an emotional and nervous point of view she is much more settled and stable, as is evidenced by the testimony of her pediatrician and various persons who are in frequent contact with her." The mother is now capable, physically and emotionally, of providing proper care for all three children; whereas, at the time of the previous hearing she did not have this capability because of her physical and emotional condition.

Other findings of fact tend to show that living arrangements for the children are adequate in either the home of the father or mother. However, there are several findings which tend to show the basis of the court's conclusion that the inter-

ests of the children will be better served by placing their custody with the mother. The mother is available to care for the children full time; whereas, the father must entrust their care during his working hours to hired persons who change from time to time, or to his mother who is seventy-four years of age, hard of hearing and in poor health. In caring for the children, the mother will have the assistance of her father, age fifty-eight, and her mother, age fifty. The environment provided by the father for the two oldest children, despite his sincere efforts, tends to be cold and sterile in comparison with a warmer and more natural environment in the home of the mother.

In our opinion the court's findings of fact fully support the change in custody which he ordered for the two oldest children.

In the case of *In re Bowen*, 7 N.C. App. 236, 172 S.E. 2d 62, we affirmed an order granting to the mother custody of a child whose custody had previously been placed with the father. The father remained a fit and suitable person for custody; however, the mother's circumstances at the time of the hearing on the motion to modify had changed substantially. She was older and more mature, had established a good and comfortable home, and, for at least a year, she had demonstrated commendable stability. At the first hearing, the age, immaturity, and other circumstances of the mother had rendered her unsuitable for the child's custody.

This case is similar. At the time of the first hearing the poor health and emotional instability of the mother rendered her unsuitable to have custody of the two oldest children. This has now changed. Certainly the court is entitled, in view of these changed circumstances, to inquire again into the matter of custody and to determine whether the welfare of the children would be better served now by placing them in the custody of their mother.

Appellant contends it was improper for the court to consider an improvement in the health of the mother as a change of circumstances since no findings were made in the first order as to the condition of her health at that time. We note, however, that the court did find in the first order that during the marriage the mother "has suffered from various illnesses including cystitis and thrombophlebitis and nervous tension, generally dur-

Kenney v. Kenney

ing and after her pregnancies." That order also contains a finding that plaintiff was hospitalized with thrombophlebitis from 12 September 1970 until 21 September 1970, shortly after the birth of the youngest child. Absent some indication in the order to the contrary, we think it proper to assume that at the first hearing the court did not overlook the important factor of the health of both parents in determining which was best suited to have custody of the children. It was important for the court at the later hearing to consider this factor, as it existed at the time of the entry of the previous order, in deciding whether conditions have changed to the point where the previous order should be modified. See *In re Marlowe,* 268 N.C. 197, 150 S.E. 2d 204.

[3] Appellant points out that in the first order the court found that the mother wilfully abandoned him within the meaning of G.S. 50-7(1). He says the court erred by failing to make a similar finding here. We do not consider this harmful. It is not contended that the mother has ever abandoned or mistreated any of the children. When she left her husband on 8 October 1970 and went to her parents' home in Alabama, she took the children with her. Whether, in separating from appellant at that time, the mother abandoned him within the meaning of G.S. 50-7(1) is not controlling on the question of custody. "[I]t is not the function of the courts to punish or reward a parent by withholding or awarding custody of minor children; the function of the court in such a proceeding is to diligently act for the best interests and welfare of the minor child." *In re McCraw Children,* 3 N.C. App. 390, 395, 165 S.E. 2d 1, 5.

[4] The record contains plenary evidence to support each of the court's findings of fact. Appellant complains in particular that there was a lack of evidence concerning the mother's health. We disagree. It is true that most of the evidence presented on this question came from non-experts. These lay witnesses, however, by reason of their close association with plaintiff and their opportunity to observe her over a period of time, were well qualified to describe the state of her health and to compare it with that existing at the time of the prior order. "[T]he state of a person's health . . . and other aspects of his physical appearance, are proper subjects of opinion testimony by nonexperts." Stansbury, N.C. Evidence 2d, § 129 at pp. 304, 305.

We have not overlooked appellant's exception to that portion of the court's order relating to the custody of the youngest child. Suffice to say, we find no evidence in the record which would justify removing the custody of this child from the mother.

The trial judge observed the parties and many of the witnesses and had an opportunity to evaluate their testimony first hand. The evidence fully supports his findings which in our opinion support his conclusions and judgment.

Affirmed.

Judges PARKER and VAUGHN concur.