MARGARET P. HENSLEY v. JAMES T. HENSLEY

No. 7426DC277

(Filed 17 April 1974)

1. **Divorce and Alimony § 24— child custody proceedings — sufficiency of findings of fact**

     Trial court's findings of fact in a child custody proceeding which were based on competent evidence will not be disturbed on appeal.

2. **Divorce and Alimony § 24— child custody order — changed circumstances required for modification**

     The change in circumstances contemplated by G.S. 50-13.7(a) is a change affecting the welfare of the minor children, and the party seeking to have a custody order vacated has the burden of showing that circumstances have changed between the time of the order and the time of the hearing on his motion.

3. **Divorce and Alimony § 24— child custody order — changed circumstances — insufficiency of evidence**

     Defendant failed to show a change of circumstances sufficient to warrant modification of a child custody order where the only changes he showed were that a half-brother moved out of the home where the child lived, and defendant had been attending school at the time of the original order but at the time of the motion to modify was working full time.

APPEAL from *Griffin, District Judge,* 19 February 1973 Session of MECKLENBURG County District Court.

This action for alimony without divorce and custody and child support was instituted in September 1969. On 21 May 1970, District Judge Abernathy entered an order granting temporary custody of the minor child of the marriage to the paternal grandmother, Mrs. Mildred Hensley, during the pendency of the action.

On 21 December 1971, the parties stipulated that the plaintiff take a voluntary dismissal of her alimony claim and that the only issue remaining for determination was the custody of the minor child, Windie Ann Hensley. On 7 February 1972, Judge Griffin entered an order awarding custody of Windie to Margaret P. Hensley (plaintiff).

Defendant, James T. Hensley, moved on 4 October 1972, that the court award him custody of Windie, and plaintiff was ordered to appear before Judge Griffin and show cause why the custody should not be awarded to defendant. After receiving the

testimony of the parties, Judge Griffin denied defendant's motion for custody. From the entry and signing of judgment, defendant appealed. Facts necessary for consideration of defendant's assignments of error will be set out in the opinion.

*Bailey, Brackett and Brackett, by Allen A. Bailey, and Ervin, Horack & McCartha, by Woodard E. Farmer, Jr., and James M. Talley, Jr., for plaintiff appellee.*

*Francis O. Clarkson, Jr., for defendant appellant.*

MORRIS, Judge.

[1] Defendant first assigns error to the following findings of the court: That there has been no substantial change in the circumstances under which the child is being reared in the home than existed when the court entered its order on 7 February 1972; that plaintiff customarily left her daughter under the care and supervision of appropriate persons; that plaintiff was a fit person to have the care, custody, and control of the minor daughter. All these findings of fact are based upon competent evidence, and they will not be disturbed on appeal. *Music House v. Theatres,* 10 N.C. App. 242, 178 S.E. 2d 124 (1970).

G.S. 50-13.7(a) provides as follows:

"An order of a court of this State for custody or support, or both, of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested."

[2] The change in circumstances contemplated by G.S. 50-13.7(a) is a change affecting the welfare of the minor children. *Kenney v. Kenney,* 15 N.C. App. 665, 190 S.E. 2d 650 (1972); *In re Harrell,* 11 N.C. App. 351, 181 S.E. 2d 188 (1971). The party seeking to have the custody order vacated has the burden of showing that circumstances have changed between the time of the order and the time of the hearing on his motion. *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967). This Court has held that in determining matters of child custody, the trial court is vested with wide discretion, and its decision should not be upset absent a clear showing of an abuse of discretion. *Jarman v. Jarman,* 14 N.C. App. 531, 188 S.E. 2d 647 (1972); *In re Custody of Mason,* 13 N.C. App. 334, 185 S.E. 2d 433 (1971).

[3] Defendant contends that he has shown changes in circumstances sufficient to warrant modification of the custody order. The son of plaintiff by a previous marriage had been living with plaintiff at the time of the original order, but he had moved into the home of plaintiff's parents at the time of the hearing on the motion to modify the order. Defendant had been attending school at the time of the original order; but at the time of the motion to modify, he was working full time. We cannot sustain the contention that such a showing of a change of circumstances mandates modification of the custody order. There was sufficient evidence presented from which the trial court was justified in finding that circumstances affecting the welfare of the child had not changed. The plaintiff, the minor child, and a half-sister of the minor child continued to live at the same residence; plaintiff continued to earn a living by babysitting for neighborhood children; plaintiff continued to be a good mother; and she had not conducted herself in any manner other than as a lady. As we have stated, the movant has the burden of showing that circumstances have changed; and the trial court had wide discretion in matters of child custody. No abuse of discretion has been shown, and the trial court's finding that circumstances have not changed will not be disturbed.

Defendant assigns error as well to the conclusions of law in Judge Griffin's order. A careful review of the record reveals that the conclusions are supported by the findings of fact, all of which are based on competent evidence. Findings of fact are conclusive if supported by competent evidence and will not be disturbed on appeal even though there is evidence contra. *Music House v. Theatres, supra.*

No error.

Chief Judge BROCK and Judge CARSON concur.