SAMUEL WAYNE PASCHALL v. CORA CHOPLIN PASCHALL

No. 7514DC226

(Filed 2 July 1975)

**Divorce and Alimony § 24— child custody — change in circumstances — custody award changed**

Evidence was sufficient to support the trial court's conclusion that there had been a change in circumstances sufficient to warrant a

change of custody of the minor child of the parties where such evidence tended to show that at the time the prior order was entered defendant mother was carrying on an adulterous relationship which was harmful to the child, the mother subsequently married the man with whom she had the relationship, the minor child had emotional problems and needed one stable home with one set of parents, and the mother was best able to provide an environment conducive to the best interests and welfare of the child.

APPEAL by plaintiff from *Moore, Judge.* Judgment entered 24 October 1974 in District Court, DURHAM County. Heard in the Court of Appeals 15 May 1975.

The parties to this action were granted a divorce on 26 July 1971, and defendant was awarded custody of their only child, Tonya Waynette Paschall. Plaintiff subsequently filed a motion for change of custody on the ground that defendant had maintained an adulterous relationship with James Ronald Walters and that exposure to this relationship had created emotional problems for the child. The district court granted the motion, and in *Paschall v. Paschall,* 21 N.C. App. 120, 203 S.E. 2d 337 (1974), this Court affirmed.

On 19 April 1974 defendant moved that custody be returned to her, alleging that, since the entry of the order awarding custody to plaintiff, defendant has married and is living with James Ronald Walters, and there has been a substantial change in circumstances. She offered as evidence the testimony of neighbors and members of the community concerning her reputation and relationship with Tonya Waynette. The child's former teacher testified that she had had problems with her school work. Dr. William M. Petrie, who had conducted a psychological evaluation of Tonya Waynette at the request of the court, testified that she was having emotional problems but not as a result of defendant's relationship with Walters. Rather, "Tonya is confused as to who owns her," and is worried about "who is going to take care of her." Plaintiff's only evidence was his testimony that he had taken good care of Tonya Waynette and she was interested in a variety of activities.

The court found facts which include the following: (1) A psychiatrist from the Durham Child Guidance Clinic, William M. Petrie, M.D., testified that the emotional problems of the child were due not to past exposure to adulterous conduct but to inconsistent applications and that her greatest need was "one stable home with one set of parents." (2) Both parties are fit

and proper persons to have custody, but "from all the evidence presented, the Court, in its discretion, finds that the defendant, Cora Choplin Paschall (Walters) is best able physically, financially and emotionally to provide an environment for said Tonya Waynette Paschall that would be most conducive to the best interests and welfare of said child."

The court then concluded that there had been a material change in circumstances, particularly the fitness of defendant, concerning the custody of Tonya Waynette Paschall. From the order awarding custody to defendant, with visitation rights to plaintiff, plaintiff appealed.

*Blackwell M. Brogden for plaintiff appellant.*

*Charles Darsie for defendant appellee.*

.ARNOLD, Judge.

The decision to modify a custody order rests largely in the discretion of the trial court, guided by the "polar star" which is the welfare and best interest of the child. *Hinkle v. Hinkle,* 266 N.C. 189, 196, 146 S.E. 2d 73, 79 (1966), *quoting In re Lewis,* 88 N.C. 31, 34 (1883). On the basis of the record before us, we cannot say that this discretion has been abused.

"As children develop their needs change; nevertheless, the needs must be supplied by the parent whose ability to supply them may change. For these reasons orders in custody proceedings are not final." *Stanback v. Stanback,* 266 N.C. 72, 75, 145 S.E. 2d 332, 334 (1965). "[I]n a contest between parents over the custody of a child the welfare of the child at the time the contest comes on for hearing is the controlling consideration. [Citations omitted.]" *Hardee v. Mitchell,* 230 N.C. 40, 42, 51 S.E. 2d 884, 885 (1949). The court found that the sole ground for the prior change in the custody of Tonya Waynette no longer existed. The court further found that the child's greatest need is for a stable environment. These findings, based on competent evidence, will not be disturbed on appeal. *See Teague v. Teague,* 272 N.C. 134, 157 S.E. 2d 649 (1967) ; *Hensley v. Hensley,* 21 N.C. App. 306, 204 S.E. 2d 228 (1974). They fully support the conclusion that there has been a change in circumstances sufficient under G.S. 50-13.7 (a) to warrant a change of custody.

The order of the trial court is

Affirmed.

Judges BRITT and CLARK concur.