IN THE MATTER OF THE CUSTODY OF ELIZABETH HARRIS WIL-
LIAMSON, WILLIAM G. WILLIAMSON IV, AND CYNTHIA MAN-
NING WILLIAMSON

No. 7615DC675

(Filed 6 April 1977)

1. **Divorce and Alimony § 24— child custody proceeding — opinion of child psychologist — admissibility**

    The trial court in a child custody proceeding did not err in allow-
ing a witness to testify concerning the opinion of a clinical child psy-
chologist who had examined the children, since the opinion related by
the witness was substantially the same as that given by the psycholo-
gist herself at an earlier hearing.

2. **Divorce and Alimony § 24— child custody proceeding — investigation report — admissibility**

    The trial court in a child custody proceeding did not err in
allowing into evidence portions of a report of an investigation ordered
by the court to be performed by the Orange County Department of
Social Services where the portions objected to contained questions
raised by a clinical child psychologist concerning the possible reactions
of petitioner's present wife, of her child by her own former marriage,
and of the petitioner himself, if custody of the three children of
petitioner and respondent should be granted the petitioner.

3. **Divorce and Alimony § 24— child custody — sufficiency of evidence to support findings**

    Evidence in a child custody proceeding was sufficient to support
the trial court's finding that there was no bond between the youngest
child and petitioner-father, and the court did not err in concluding that
it was to the best interests of the daughters to remain in the custody
of their mother.

4. **Divorce and Alimony § 24— child custody order — fit and proper person — no specific finding — absence not fatal**

    Although it would be the better practice for an order awarding
child custody to contain an express finding of fitness, the absence of
such an express finding will not be fatal where such a finding is
implicit in the findings which the court does make.

5. **Divorce and Alimony § 24— child custody — mother as fit and proper person — sufficiency of evidence**

    Though the evidence in a child custody proceeding revealed that
respondent-mother had not always conducted herself in a responsible
and exemplary manner, such evidence did not compel a finding by
the court that respondent was not a fit and proper person to have
custody of the daughters of petitioner and respondent.

APPEAL by petitioner from *Peele, Judge.* Orders entered
12 January 1976 and 16 March 1976 in District Court, ORANGE
County. Heard in the Court of Appeals 20 January 1977.

Petitioner (father) and respondent (mother) were formerly married to each other. Three children were born of the marriage: Elizabeth Harris Williamson, born 20 December 1965; William G. Williamson IV, born 21 August 1968; and Cynthia Manning Williamson, born 13 February 1972. On 3 June 1974 petitioner and respondent entered into a separation agreement under which respondent took custody of the children. On 4 June 1974 petitioner and respondent were divorced in Fulton County, Georgia.

The present proceeding was commenced 11 June 1975 when petitioner filed an application for a writ of habeas corpus in the District Court in Orange County, N. C. In this application the petitioner alleged that the children were in the custody of the respondent, who is a resident of Orange County, N. C., under the terms of the separation agreement; that since the signing of the separation agreement there has been a substantial change in circumstances in connection with respondent's ability to care for the children; and that respondent is not a fit and proper person to have custody of the children. Petitioner prayed that custody of the children be awarded to him. After a hearing held on 20 June 1975, the Court issued an order making findings of fact and conclusions of law on the basis of which temporary custody of the two girls was awarded to respondent-mother and temporary custody of the boy was awarded to petitioner and respondent jointly. The Court further ordered the Orange County Department of Social Services to investigate the living circumstances of the children with the mother and requested the Department of Social Services of DeKalb County, Georgia, to make a similar investigation into the circumstances of the home of the father in Georgia.

On 3 December 1975 petitioner filed a motion that he be awarded custody of the three children and that he be relieved from making the payments to respondent for support of the children required by the 3 June 1974 separation agreement. After a hearing on this motion, at which both petitioner and respondent presented evidence, the Court entered an order on 12 January 1976, making findings and conclusions and awarding permanent custody of the boy to the petitioner and permanent custody of the two girls to the respondent.

In apt time, petitioner filed a motion under G.S. 1A-1, Rule 52, requesting the Court to make additional findings, to

amend certain of the findings made, and to amend its order so as to award to petitioner the permanent custody of the two girls. By order dated 16 March 1976, the Court denied petitioner's motion. In apt time as provided in Rule 3(c) of the North Carolina Rules of Appellate Procedure, petitioner gave notice of appeal from the 12 January 1976 and the 16 March 1976 orders.

*Spears, Barnes, Baker and Boles by Robert F. Baker for petitioner appellant.*

*Graham, Manning, Cheshire & Jackson by Lucius M. Cheshire and David R. Frankstone for respondent appellee.*

PARKER, Judge.

Petitioner has made seven assignments of error. The first two are directed to the Court's actions in admitting certain evidence to which petitioner objected as hearsay. The remainder are directed to the Court's findings, or its failure to make findings, and to certain of the Court's conclusions in its judgment awarding custody of the two little girls to their mother.

The scope of appellate review of a trial court's judgment awarding custody of children is well settled in this State. "The court's findings of fact are conclusive if supported by any competent evidence, and judgment supported by such findings will be affirmed, even though there is evidence to the contrary, or even though some incompetent evidence may have been admitted." *In re McGraw Children,* 3 N.C. App. 390, 392, 165 S.E. 2d 1, 3 (1969).

[1] By his first assignment of error, petitioner challenges the Court's action in permitting Mrs. Patricia Keshen, an employee of the Orange County Department of Social Services, to testify at the hearing held in January 1976, concerning an opinion expressed to her by Dr. Sanders, a clinical child psychologist who had examined the children. The witness, over petitioner's objection, was permitted to testify that Dr. Sanders "felt that the children should stay in Chapel Hill with their mother." Petitioner contends that the admission of this testimony violated the hearsay rule. We find no prejudicial error. Dr. Sanders had herself testified at the hearing held on 20 June 1975 prior to the entry of the order awarding temporary custody. At that time she was presented and qualified, without objection, as an

expert in the field of child psychology, and she was examined on both direct and cross-examination. The opinion which she expressed from the witness stand at that hearing was substantially the same as that attributed to her by the witness, Mrs. Keshen, in the testimony which is the subject of petitioner's first assignment of error. Under these circumstances we find no prejudicial error in the Court's action permitting the witness Keshen to testify concerning the opinion which has been expressed to her by Dr. Sanders, and petitioner's first assignment of error is overruled.

[2] Petitioner's second assignment of error is directed to the Court's action in allowing introduction into evidence, over petitioner's objection, of certain portions of the report of an investigation made by the Orange County Department of Social Services. In the order dated 20 June 1975 awarding temporary custody, the Court had expressly directed that an investigation be made by the Orange County Department of Social Services. The report was dated 11 November 1975 and was prepared by Mrs. Patricia Keshen, the witness who testified at January 1976 hearing. The portions of the reports to which petitioner objected were those which he contends were based "on hearsay information between Mrs. Keshen and Dr. Sanders on matters pertaining to Mr. Williamson's fitness for custody of those children in Georgia." In his second assignment of error he contends that these portions of the report were hearsay, that they represented opinion not based on fact, that they were outside the scope of the investigation ordered by the Court to be performed by the Orange County Department of Social Services, and that the Court committed prejudicial error in admitting them in evidence. Again, we find no prejudicial error. The portions of the report to which petitioner now excepts were contained in three short paragraphs. In these, Mrs. Keshen set forth a series of questions which had been raised by Dr. Sanders concerning the possible reactions of petitioner's present wife, of her child by her own former marriage, and of the petitioner himself, if custody of the three children of petitioner and respondent should be granted the petitioner. These questions were inherent in the situation of the parties as shown by all of the evidence before the Court. The Court must have been fully aware of their existence quite apart from whether Dr. Sanders had expressed her concern as to them to Mrs. Keshen. This was a proceeding before the Court without a jury, and even to rule

on petitioner's objection, it was necessary for the Court to read the report. Moreover, it would be fatuous even to suppose that the court had not already read the entire report, which had been prepared as result of the Court's prior order. We can perceive no prejudicial error in the Court's overruling petitioner's objection to the portions of the report which are the subject of petitioner's second assignment of error. That assignment of error is overruled.

[3]   Petitioner's third, fourth, and fifth assignments of error challenge certain of the Court's findings and conclusions. Specifically, in these assignments of error petitioner contends that the Court erred in finding that no bond exists between Cindy (the youngest child) and her father (the petitioner); in concluding that "[t]aking the girls from the mother would decimate her, the girls would know this, would rebel, and the father and step-mother simply could not handle them"; and in concluding that "[i]t is to the best interests of the girls, Harris and Cynthia, that their custody remain with the Mother under the supervision of the Orange County Department of Social Services." In cases involving custody of children, the trial judge, who has the opportunity to see and hear the parties and the witnesses, is vested with broad discretion. *Blackley v. Blackley*, 285 N.C. 358, 204 S.E. 2d 678 (1974). Therefore, so long as the trial judge's findings are supported by competent evidence, his decision should not be upset absent a clear showing of abuse of discretion. *King v. Allen*, 25 N.C. App. 90, 212 S.E. 2d 396 (1975). We have carefully reviewed the record and find that there is competent evidence to support the challenged findings and the conclusions drawn therefrom by the trial judge in the present case. Some of the pertinent evidence presented reveals that although the younger girl, Cindy, was "affectionate" towards her father during two visits to Georgia, she is very happy at home, loves her mother, has a very close relationship with her older sister, Harris, and shares her sister's preferences in not wanting to move to Georgia. The evidence also reveals that Harris has a very close relationship with her mother and younger sister, that she appears to be happy and well-adjusted in her present situation, and that she has a great fear of being uprooted from her present home by being moved again. (During the time petitioner and respondent were married, the family had a long history of frequently being moved from place to place.) Although not controlling, the wishes of a child who has

In re Williamson

reached the age of discretion are entitled to consideration in awarding custody, "because the consideration of such wishes will aid the court in making a custodial decree which is for the best interests and welfare of the child." *Brooks v. Brooks,* 12 N.C. App. 626, 631, 184 S.E. 2d 417, 420 (1971). We find no abuse of discretion and overrule petitioner's third, fourth, and fifth assignments of error.

[4]    In petitioner's sixth assignment of error, he contends the Court erred in awarding custody of the two little girls to their mother because the Court failed to find that she was a "fit and suitable" person to have custody. We find no reversible error in this regard. It is true that the order awarding custody of the two girls to their mother did not contain an express finding that she was a "fit and suitable" person for that purpose. However, it did contain an express finding that "[i]t is to the best interests of the girls, Harris and Cynthia, that their custody remain with the Mother under the supervision of the Orange County Department of Social Services." Implicit in this finding is that respondent-mother is a fit and suitable person to have custody of her daughters under the supervision of the County Department of Social Services. *Cameron v. Cameron,* 231 N.C. 123, 56 S.E. 2d 384 (1949), cited by petitioner, did not hold that an order awarding custody is fatally defective if it fails to include an express finding that the person to whom custody is awarded is a fit and proper person. That case involved an appeal from orders entered in a divorce proceeding providing for alimony pendente lite and temporary custody of two small children. Our Supreme Court found error in the order awarding alimony pendente lite and held that the error was of such nature as would affect the whole proceeding. The opinion mentions that appellant had pointed out that the trial judge had "made no findings of fitness as to the plaintiff for the custody of the children under the challenging evidence of the defendant," but as to that matter, the opinion of the court simply states: "Apart from that we think the question of custody is so intimately connected with the other matters involved in the appeal that it should be left to a rehearing." 231 N.C. at 130. It will thus be seen that our Supreme Court did not hold in *Cameron v. Cameron, supra,* that an express finding of fitness is an absolute essential to the validity of a custodial decree. The statement contained in *Powell v. Powell,* 25 N.C. App. 695, 698, 214 S.E. 2d 808, 810 (1975), that "[s]uch a finding was neces-

sary under the decision in *Cameron v. Cameron,*" is not borne out by a careful examination of the latter case. Moreover, in *Powell v. Powell, supra,* the trial judge had made an express finding that the parent to whom custody of the children was awarded was a fit and suitable person to have such custody; therefore, this Court in that case was not called upon to pass on the question with which we are now concerned. We now hold that, although it would be the better practice that an express finding of fitness be made, the absence of such an express finding will not be fatal where, as here, such a finding is implicit in the findings which the Court did make.

[5]   In his seventh and final assignment of error, petitioner contends the Court committed reversible error in denying his motion made under G.S. 1A-1, Rule 52(b), to make certain additional findings of fact. In arguing this assignment of error in his brief on this appeal, petitioner contends that certain of the specific findings of fact which the Court did make would compel an additional finding that the respondent-mother was not a fit and proper person to have custody of the two little girls. We do not agree. It is true that the evidence reveals, and the Court's specific findings indicate, that respondent has not always conducted herself in a responsible and exemplary manner. That the trial judge was keenly aware of this is shown by the conscientious way in which he evaluated the evidence and made detailed findings in this regard. "But in a custody proceeding it is not the function of the courts to punish or reward a parent by withholding or awarding custody of minor children; the function of the court in such a proceeding is to diligently seek to act for the best interests and welfare of the minor child." *In re McGraw Children, supra* at 395. The record now before us reveals that in this case the trial judge's overriding concern was the welfare and best interests of the children. His was a difficult task, and the entire record shows that he carried it out in a careful, considerate, and compassionate manner. He had the great advantage of seeing and listening to the parties and their witnesses, of being able to receive and evaluate the myriad intangible impressions which simply cannot be brought forward in a printed record. In cases such as this, there is seldom an entirely good and happy solution. The solution chosen by the trial judge in this case may well be the best one available. We find no error in the manner in which he arrived at it.

If in the future there shall be a change of circumstances affecting the welfare of the children such as to justify modification of the custodial orders previously entered, the matter can again be brought before the Court for review. In the orders from which the present appeal is taken, we find no error. Accordingly, they are

Affirmed.

Judges MARTIN and ARNOLD concur.