JOSEPH RAYMOND PRITCHARD v. BESSIE MARIE R. PRITCHARD

No. 798DC423

(Filed 19 February 1980)

1. **Divorce and Alimony § 23.9— child custody proceeding—opinion on question before court—harmless error**

   While the trial court in a child custody proceeding erred in permitting plaintiff's present wife to give an opinion on the very question before the court, *i.e.*, whether plaintiff should be awarded custody of the child, the admission of such testimony was not prejudicial to defendant where the record does not affirmatively disclose that the court's award was based, in whole or in part, on such testimony.

2. **Divorce and Alimony § 25; Trial § 10.3— child custody hearing—remark by trial court—no indication of bias**

   The trial court in a child custody proceeding did not show bias and prejudice against defendant when defendant's counsel offered to qualify a witness as an expert "if the court wishes" and the court stated, "It's up to you, I don't care anything about it frankly."

3. **Divorce and Alimony § 25.9— modification of child custody—sufficient evidence of changed circumstances**

   The trial court did not err in concluding that there had been a material change in circumstances since a prior custody order which justified a change in custody of the parties' younger son from the mother to the father where the court found upon supporting evidence that personality differences developed between the sons and the older son had severe emotional problems stemming from his relationship with the younger son; since the younger son has gone to live with his father, the emotional problems of the older son have shown a marked improvement; plaintiff father has remarried and has the ability to pro-

vide a stable home environment for the younger son; and the father's present wife loves the younger son and is able and willing to care for him.

APPEAL by defendant from *Hardy, Judge.* Order entered on 4 January 1979 in District Court, WAYNE County. Heard in the Court of Appeals on 12 November 1979.

Plaintiff and defendant were married on 1 July 1967. Two children were born to the marriage, Joseph Michael Pritchard (Joey) and Michael John Pritchard (Michael). Plaintiff and defendant separated on 27 March 1974, and on 2 April 1974 entered into a separation agreement providing that defendant have primary custody of the two children and that plaintiff pay child support. On 31 July 1975, plaintiff instituted an action for an absolute divorce, to which defendant answered, requesting that she be given custody of the children and that plaintiff be ordered to pay $250 per month as child support. By order dated 1 October 1975, the custody of both children was given to defendant with plaintiff having certain visitation rights. Plaintiff was ordered to pay child support of $225 per month and, in addition, provide reasonable medical and dental care for the two children. Plaintiff, a member of the United States Air Force, went on a tour of duty in Holland and Germany shortly after the 1 October 1975 order, and remarried on 25 November 1976.

During the summer of 1976 defendant allowed the children to visit plaintiff overseas, and in May of 1977, allowed the children to remain with plaintiff in Germany and attend school the following year. In February of 1978, the children returned to defendant's home in Goldsboro, North Carolina, and lived with defendant until April of 1978. In April of 1978, defendant allowed the younger child, Michael, to return with plaintiff to Germany and remain there until the end of plaintiff's tour of duty in October of 1978. Plaintiff was thereafter reassigned to an Air Force Base in Michigan, and in late October 1978, over defendant's objection, took Michael with him to his new assignment.

On 3 November 1978, defendant filed a motion in the cause to have plaintiff cited for contempt, alleging that plaintiff willfully and unlawfully violated the prior custody order by taking Michael to Michigan without her permission. A show cause order was issued the same day ordering plaintiff to return the child on or

before 15 November 1978. In a reply filed 14 November 1978, plaintiff averred that defendant had previously agreed to his taking Michael to Michigan, and that defendant had announced her change of position only hours before he was scheduled to leave for Michigan. Plaintiff stated further that he had previously agreed to return to Goldsboro and settle the matter and requested the court to schedule a hearing for late in December so as to accommodate Michael's school schedule. Plaintiff also requested that the court award custody of Michael to him, averring that a change of circumstances had occurred since the prior custody order was entered. By order dated 22 November 1978, a hearing was set for 18 December 1978. Defendant filed an affidavit and response to plaintiff's reply on 14 December 1978, specifically denying that there had been a change of circumstances, and requesting the court to increase plaintiff's support payments to $350 a month. Defendant further requested the court to order plaintiff to pay her $300 to reimburse her for providing air fare for the children to visit plaintiff overseas.

A hearing was held on these matters on 18 December 1978. Plaintiff presented six witnesses, and defendant presented sixteen witnesses. In addition, the court, with consent of the parties, held a private examination of Michael. On 4 January 1979, the court filed an order awarding custody of Michael to plaintiff, with reasonable visitation rights given to defendant. The court found that there had been a material change of circumstances in that the emotional stability of the older child, Joey, had suffered due to his continued living with Michael, and that since their separation there had been a marked improvement in Joey's emotional state, as well as the academic and social areas of his life. Based on the evidence presented, the court incorporated the provisions of the prior order, and made certain amendments to that order by ordering that the custody of Michael be vested in plaintiff; that plaintiff pay $125 per month to defendant for the support of Joey, who remained in defendant's custody; that defendant was not entitled to reimbursement for travel expenses she paid for the children's travel; that plaintiff pay defendant $250 in attorney's fees; and that defendant have certain visitation rights concerning Michael.

Defendant's motion for a new trial was denied. From the court's findings of fact and conclusions of law, defendant appealed.

*Taylor, Warren, Kerr & Walker, by John H. Kerr III and Gordon C. Woodruff, for plaintiff appellee.*

*W. Harrell Everett, Jr., for defendant appellant.*

MORRIS, Chief Judge.

[1] Defendant's first assignment of error concerns the court's admission of the testimony of Betsy Pritchard, plaintiff's wife, as to the reasons for placing the custody of the child with plaintiff. The record shows the following:

Q. Why do you think it would be better for the Court to allow the custody of Michael to be placed with his father?

Objection.

Objection overruled.

A. Michael has always been closer to Joe. I think he can provide a happier home for him because that's where Michael wants to live.

Defendant argues that this testimony is incompetent and highly prejudicial because the testimony went to the ultimate issue before the court.

We do not believe that the court's admission of this testimony requires a new trial. Defendant correctly states the general rule that a witness may not give his opinion on the very question for decision. *State v. Lindley,* 286 N.C. 255, 210 S.E. 2d 207 (1974); *Ponder v. Cobb,* 257 N.C. 281, 126 S.E. 2d 67 (1962); *Wood v. Insurance Co.,* 243 N.C. 158, 90 S.E. 2d 310 (1955). It is also apparent from the testimony quoted above that the question and answer assumed the very question before the court, i.e., whether plaintiff should be awarded custody of the child. However, without considering the admissibility of this evidence, we conclude that there is nothing in the record which affirmatively discloses that the court's award was based, in whole or in part, on this particular testimony. Indeed, "[t]he presumption is to the contrary. In a nonjury trial, in the absence of words or conduct in-

dicating otherwise, the presumption is that the judge disregarded incompetent evidence in making his decision." (Citations omitted.) *City of Statesville v. Bowles*, 278 N.C. 497, 502, 180 S.E. 2d 111, 114-15 (1971). Defendant's first assignment of error is overruled.

[2] Defendant next argues that the trial court showed bias and prejudice against her in considering defendant's offer of testimony by Tommy Hall concerning his conferences with defendant's children. Defendant contends that the trial judge demonstrated his prejudice when, in response to defendant's counsel's offer to qualify Hall as an expert, he stated: "It's up to you, I don't care anything about it frankly." We do not agree. On the contrary, by his statement, it is apparent that the trial judge reiterated his prior ruling on the admissibility of Hall's testimony concerning the psychological condition of the two children at a particular point in time. The appellant's counsel, apparently recognizing the fact that the witness had not been qualified as an expert, offered to qualify him "if the court wishes." Whether to qualify the witness was obviously a decision for counsel, not the court. While the court's remark may have been somewhat flippant, it does not, in our opinion, indicate prejudice toward defendant. There is nothing that indicates any impropriety on the judge's part in ruling in this fashion. Additionally, defendant did not except to the court's ruling on the admissibility of Hall's testimony, nor did defendant provide in the record what the testimony would have been if Hall had been allowed to testify further. Defendant's argument is, therefore, without merit.

[3] Defendant next argues that the court erred in concluding that there had been a material change of circumstances since the prior custody order justifying its award of the custody of Michael to plaintiff. We note in particular the following facts as found by the court in its order:

> 5. That during most of the 1977-1978 and 1978-1979 school year until the time of this hearing the said Michael John Pritchard has been residing with the plaintiff and has been enrolled in the public schools and making excellent academic progress and has been attending church; that the emotional state and condition of the said Joseph Michael Pritchard, the older child, has substantially improved since

he and his brother have been living separate and apart since the spring of 1978.

6. The defendant is employed by Branch Banking and Trust Company on a full-time basis earning approximately $725.00 per month. The plaintiff is earning approximately $810.00 per month. The plaintiff's wife is not employed, has no children of her own and is available to provide and care for said Michael John Pritchard on a full-time basis, in a comfortable and adequate home; that both children are happy, relaxed emotionally and better adjusted since the said Michael John Pritchard has been residing with the plaintiff; that there is mutual love and respect among Michael John Pritchard, the plaintiff and his wife, and that the environment in which Michael John Pritchard has been raised while with the plaintiff and his wife appears to the Court to be stable and to have been conducive and beneficial to the raising of said minor child.

7. That the plaintiff is a fit and proper person to have the care and custody of Michael John Pritchard and he and his wife are able to provide a two parent home and love and care for said child; that there has been a beneficial change in the mental and emotional state of well-being of at least one of the children since Michael John Pritchard has been residing with the plaintiff and that the welfare and best interest of the said Michael John Pritchard will be served by now vesting his custody in the plaintiff so that the said Michael John Pritchard will have both male and female supervision.

. . .

10. From the date of the prior Order of the Court while the defendant has had custody of Michael John Pritchard, said child has been subject to frequent transfers between the households of the plaintiff and defendant at the whim of the defendant and it would be in said minor child's best interest to have a stable environment.

Based on these findings, the court ruled that "there has been a sufficient, substantial and material change of circumstances as defined by N.C.G.S. 50-13.7(a) since the entry of this Order of October 1, 1975" to warrant a change of custody.

G.S. 50-13.7(a) provided, at all times pertinent to this case, that "[a]n order of a court of this State for custody or support, or both, of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested." In *Tucker v. Tucker*, 288 N.C. 81, 216 S.E. 2d 1 (1975), our Supreme Court stated the rules applying to a modification of a custody decree:

> An order pertaining to the custody of the child does not finally determine the rights of parties as to the custody, care and control of a child, and when a substantial change of condition affecting the child's welfare is properly established, the court may modify prior custody decrees. G.S. 50-13.7. *Blackley v. Blackley,* [285 N.C. 358, 204 S.E. 2d 678 (1974)]; *Teague v. Teague,* 272 N.C. 134, 157 S.E. 2d 649 (1967); *In re Herring,* 268 N.C. 434, 150 S.E. 2d 775 (1966). However, the modification of a custody decree must be supported by findings of fact based on competent evidence that there has been a substantial change in circumstances affecting the welfare of the child, and the party moving for such modification has the burden of showing such change of circumstances. *Blackley v. Blackley, supra; Shepherd v. Shepherd,* 273 N.C. 71, 159 S.E. 2d 357 (1968); *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967).

288 N.C. at 87, 216 S.E. 2d at 5. Such changed circumstances must be substantial; that is, "[i]t must be shown that circumstances have so changed that the welfare of the child will be adversely affected unless the custody provision is modified." *Rothman v. Rothman,* 6 N.C. App. 401, 406, 170 S.E. 2d 140, 144 (1969). *See Hensley v. Hensley,* 21 N.C. App. 306, 204 S.E. 2d 228 (1974). Further, "[w]here there is no evidence that the fitness or unfitness of either party has changed, the trial court may not modify a prior order awarding custody unless some other sufficient change of condition is shown." *In re Custody of Poole,* 8 N.C. App. 25, 28, 173 S.E. 2d 545, 548 (1970).

We are of the opinion that the evidence was sufficient to support the court's finding that the circumstances surrounding the children had changed since the prior custody order and that the welfare of the children would be best served by a modification of custody. Evidence was presented through Tommy Hall and Bessie

Pritchard showing that since 1 October 1975, particularly after Joey and Michael went to live with plaintiff in Germany in May of 1977, Joey had severe emotional problems stemming from his relationship with Michael; that personality differences developed between the two boys; and that since their separation in April of 1978, Joey's emotional state showed a marked improvement. The evidence also showed that since 1 October 1975, plaintiff had remarried and had the ability to provide a stable home environment for a child. In addition, there was evidence that Betsy Pritchard loved Michael and was able and willing to care for him. The court's findings on this point are conclusive in that they are supported by competent evidence. *In re Custody of Williamson,* 32 N.C. App. 616, 233 S.E. 2d 677 (1977).

Moreover, we conclude that the findings are sufficient to establish a change in circumstances of a material nature so as to permit a modification in the custody order of 1 October 1975. Having found that there had been a beneficial change in the mental and emotional state of at least one of the children since Michael resided with plaintiff, the court properly concluded that the welfare and best interests of Michael would be served by vesting his custody in plaintiff. In this respect we are mindful that the trial judge, having the opportunity to see and hear the parties and the witnesses, is vested with broad discretion in cases involving the custody of children. *Tucker v. Tucker,* supra; *Blackley v. Blackley,* 285 N.C. 358, 204 S.E. 2d 678 (1974); *In re Custody of Williamson,* supra. "The welfare of the child is the paramount consideration that must guide the court in exercising this discretion." (Citations omitted.) *Tucker v. Tucker, supra,* 288 N.C. at 86-87, 216 S.E. 2d at 5.

In various other assignments of error, defendant argues that the judge erred in making certain findings of fact. After a careful review of the evidence presented in the record, we conclude that the evidence is supportive of the findings made by the trial court. The court's findings of fact are conclusive on appeal if there is any competent evidence to support them, even though the evidence might sustain findings to the contrary, and even though some incompetent evidence may also have been admitted. *Williams v. Pilot Life Ins. Co.,* 288 N.C. 338, 218 S.E. 2d 368 (1975).

We address in particular defendant's argument that the trial court committed prejudicial error by failing to find plaintiff in contempt for willfully violating the prior contempt order in taking Michael to Michigan with him without defendant's permission. Without ruling on the merits of defendant's contentions, we hold that any error by the trial court in failing to find plaintiff in contempt could not have affected the result in this case and, therefore, does not constitute reversible error.

The court's order below is

Affirmed.

Judges PARKER and HILL concur.