CHARLES CALVIN TEAGUE v. KATHY S. TEAGUE

No. 8615DC716

(Filed 3 March 1987)

**1. Divorce and Alimony § 25.9— child custody—changed circumstances—change of custody proper**

The trial court's course of conduct in changing a joint custody arrangement to award primary custody to plaintiff was proper where the court initially found that both parents were fit to have joint custody and that the child's best interests required joint custody; the court's later findings as to the child's poor health and conduct when with defendant, and as to her improved state when with plaintiff justified changing the joint custody arrangement since these findings indicated changed circumstances which were affecting the welfare of the child; the determinative findings as to the child's welfare were supported by much competent evidence as to her conduct, habits, health, schedule, treatment, and response at different times; and that other facts found by the court, not essential to the order entered, may not have been so supportive was immaterial.

**2. Trial § 3— motion for continuance because of no counsel—denial proper**

There was no merit to defendant's contention that the trial court erred in denying her motions to continue because she had no counsel where defendant had notice two months before the hearing that her counsel was withdrawing and had three weeks notice of the hearing but did not move for continuance until plaintiff and his witnesses were in court ready to proceed with the hearing.

APPEAL by defendant from *Hunt, Judge.* Orders entered 6 December 1985 and 14 January 1986 in District Court, ORANGE County. Heard in the Court of Appeals 11 December 1986.

Defendant's appeal is from an order changing the arrangements previously ordered with respect to the custody of the parties' daughter, who is now four years and four months old. The parties, married in 1981, separated on 26 September 1984 and immediately thereafter this action for custody and divorce from bed and board was filed. A week later, pending further hearings, a temporary order was entered awarding legal custody to the par-

ties jointly and primary physical custody to the defendant. The further hearings were held on five different days in November and December 1984 and January 1985 and a permanent custody order was entered on 4 February 1985, giving physical custody to the defendant from September 1st to June 1st of each year and to the plaintiff the other three months. During the course of the hearings much evidence was presented as to the irresponsible conduct of both parties and based thereon the court found various facts, prohibited the parties from doing a number of things, and directed them to do several others, only some of which need to be stated. Among the court's findings were that the conduct of both parties "reflected poorly" on their ability to accept parental responsibility and that substantial changes in their lifestyles were required to assure the safety and welfare of the child. Some things that the court ordered the parties *not* to do were to use drugs, alcohol or profane language in the child's presence; to take the child to bars; to engage in illicit sex while physical custody was had; and to make disparaging comments to the child about the other. The things that the parties were ordered to do included substantially reducing their consumption of alcoholic beverages and informing each other about the medical and educational needs and problems of the child. The order also provided that "[v]iolations of this Order will constitute grounds for a change of custody pursuant to a change of circumstances as described in Chapter 50 of the North Carolina General Statutes." Though the order brought forth a spate of motions, hearings and orders only the following developments are material to the appeal.

On 7 June 1985, after a hearing, an order was entered keeping the earlier custody provisions in effect, except for some minor modifications irrelevant hereto, but the court made the following findings: That defendant had failed to communicate with plaintiff concerning the child's medical condition and needs; that plaintiff showed more affection for the child than did the defendant, and the child showed more affection for plaintiff than she did for defendant; and that the joint custody arrangement was not working properly and would have to be re-evaluated at a later hearing. Thereafter, pursuant to plaintiff's motion alleging a change of circumstances, a hearing was held on 25 November 1985 and an order was entered on 9 December 1985 awarding plaintiff primary custody of the child. Among the court's many findings of fact

were the following, at least in substance: That plaintiff had complied with all the conditions earlier ordered; that defendant had violated the terms of the earlier order by cohabiting with a man while the child was in her custody and by not communicating with plaintiff about the child's medical condition and needs; that the child's conduct and health were better when she was in plaintiff's custody than they were when she was in defendant's custody; that defendant failed to keep the child on a regular schedule, which was "reflected in the child's poor sleeping habits and failure to thrive" while in defendant's care; that continuing the joint custody arrangement was not in the child's best interest; and her best interests required that primary custody be changed to the plaintiff.

*Northern, Blue, Little, Rooks, Thibaut & Anderson, by J. William Blue, Jr., for plaintiff appellee.*

*Pfefferkorn, Pishko & Elliot, by David C. Pishko, for defendant appellant.*

PHILLIPS, Judge.

[1]    Defendant's main argument is that the course the trial court followed in awarding and changing custody in this case was contrary to law. The argument, in substance, is that instead of determining custody initially on the basis of the facts that then existed and requiring the other party to show a substantial change of circumstances as G.S. 50-13.7 requires, that the court in effect left the determination in abeyance for several months by imposing conditions designed to improve the future conduct of the parties and that defendant's conduct thereafter was not a change of circumstances under our law. While the argument is not entirely without basis and the course that the court followed was certainly irregular, in our opinion it was not invalid. In custody matters the child's welfare, rather than the conduct of the parties, is the controlling factor; and both initially and later the court's findings with respect to the child's welfare fully justify the orders that were entered. Leaving aside the superfluous reformative provisions of the initial order, the unchallenged and accepted findings that both parents were fit to have custody and that the child's best interests required joint custody were enough to support it. And, of course, the court's later findings as to the child's poor

health and conduct when with defendant, and as to her improved state when with plaintiff, if supported by competent evidence, justify changing the joint custody arrangement that was in force; for these findings indicate changed circumstances that were affecting the welfare of the child. *In re Harrell*, 11 N.C. App. 351, 181 S.E. 2d 188 (1971). The determinative findings as to the child's welfare are supported by much competent evidence as to her conduct, habits, health, schedule, treatment and response at different times; thus they are binding upon us. *Pritchard v. Pritchard*, 45 N.C. App. 189, 262 S.E. 2d 836 (1980). That other facts found by the court, not essential to the order entered, may not have been so supported, as defendant argues, is immaterial. *Dawson Industries, Inc. v. Godley Construction Co., Inc.*, 29 N.C. App. 271, 224 S.E. 2d 266 (1976).

[2]    Defendant's other contention, that the trial court erred in denying her motions to continue the 25 November 1985 hearing and to grant her a new hearing because she then had no counsel, is also without merit. The stated basis for this contention is that the trial judge permitted her counsel, Robert C. Bryan, to withdraw just four days before the hearing, too late for her to obtain other counsel, and that she had to represent herself to her clear disadvantage. While the court did permit Mr. Bryan to withdraw from the case almost on the eve of the hearing, this did not cause defendant to be unrepresented in the hearing. For the record indicates that Mr. Bryan, as defendant knew, was in the case not to handle or even participate in any hearing required, but merely to advise Attorney Susan Lewis, whose motion to withdraw as defendant's counsel was filed two months before the hearing involved and was granted two weeks later. The record also indicates that defendant knew when Ms. Lewis asked to be relieved as her lawyer that she had to obtain counsel to handle the case but failed to do so during the two months that intervened; and that though defendant was notified of the hearing three weeks ahead of time she did not move for a continuance until the plaintiff and his witnesses were in court ready to proceed with the hearing. Under the circumstances neither the court nor Mr. Bryan's belated withdrawal can properly be blamed for defendant not being represented at the hearing, and the denial of her motion was not an abuse of discretion.

Affirmed.

Judges ARNOLD and ORR concur.